**In re GIBSON & CUSHMAN DREDGING CORP. (Two Cases).**

**Nos. CV 88–3966, CV 88–3990.**

United States District Court,
E.D. New York.

June 5, 1989.

---

Harvis & Zeichner, New York City, Reisch, Simoni, Blythewood and Gleason, Garden City, N.Y., for debtor.

Robert Herzog, New York City, for claimant Milam.

## MEMORANDUM AND ORDER

WEXLER, District Judge

The above-referenced cases raise the issue of deciding the appropriate forum in which an objection to a claim filed in a bankruptcy proceeding may be heard. The debtor in these proceedings is Gibson & Cushman Dredging Corporation ("GCDC" or the "Debtor"). The claim at issue has been filed by the Public Administrator of the State of New York on behalf of the Estate of Andrew Milam (the "Milam Claim"). The specific questions that are presently before the Court are the issues of whether the Court should abstain, pursuant to 28 U.S.C. § 1334, from hearing the Milam Claim and whether, pursuant to 28 U.S.C. § 157, the reference of the Milam Claim to the Bankruptcy Court should be withdrawn. For the reasons that follow, the Court holds that abstention is not appropriate and that the reference of the Milam Claim to the Bankruptcy Court need not be withdrawn at this time.

### I. Background of the Milam Claim and Prior Proceedings In This Court

The Milam Claim seeks recovery from the Debtor for injuries allegedly suffered by the now-deceased Andrew Milam as a result of an on-the-job maritime accident that occurred in 1967. Milam's injuries are currently the subject of a lawsuit commenced against Gibson & Cushman of New York ("GCNY") in the Supreme Court of the State of New York (the "State Court Action"). The debtor objects to the Milam Claim principally on the grounds that the claim is barred by the statute of limitations and that GCDC is not a successor in interest that is liable to the same extent as GCNY—the defendant in the State Court Action.

The case bearing docket number CV 88–3990 was transferred to this Court pursuant to Bankruptcy Rule 9033 as a review of a report and recommendation issued by the Bankruptcy Judge. The decision to be reviewed is the Bankrputcy Judge's disposition of a motion seeking a recommendation that this Court abstain, pursuant to 28 U.S.C. § 1334, from hearing the objection to the Milam Claim (the "Abstention Motion").

Case number CV 88–3966 was commenced in this Court as an independent proceeding brought pursuant to 28 U.S.C. § 157. That proceeding seeks to have this Court withdraw the Debtor's objections to the Milam Claim, for trial or other disposi-

tion, to this Court or to the District Court for the Southern District of New York— the district in which the Milam Claim allegedly arose (the "Withdrawal Motion").

In a prior order this Court requested that the parties explain the factual and legal relationship between the Abstention Motion and the Withdrawal Motion and asked the parties to brief the issue of whether a decision on the Bankruptcy Judge's report and recommendation on the Abstention Motion would moot the issues raised in the Withdrawal Motion. In response to that order, the Debtor takes the position that the two motions are addressed to the same issue and that a decision on the Abstention Motion will moot the issues raised in the Withdrawal Motion. Arguing that the two motions are addressed to different issues, counsel for Milam's estate urges that this Court refrain from acting upon the Abstention Motion and, instead, rule upon the Withdrawal Motion. According to Milam, such an approach will give this Court the greatest flexibility in dealing with this matter.

After reviewing the parties' submissions as well as the relevant case law and statutory framework, the Court finds that although the cases are similar they seek different relief. Because in both cases Milam's counsel seeks to have a forum other than the Bankruptcy Court determine the Debtor's objection to the Milam Claim, the Court will consolidate the cases and decide them together.

## II. *Proceedings in the Bankruptcy Court*

On February 26, 1988 the Debtor filed a voluntary petition under Chapter 11. According to the Debtor, the petition was filed to protect GCDC's profitable hydraulic dredging business while it challenged a fraudulently obtained $2.6 million dollar judgment filed on behalf of a personal injury plaintiff other than Milam. After the debtor filed for bankruptcy, several claims, including the Milam Claim, were made against the estate.

Shortly after the filing of the Milam Claim, the Debtor filed its objection to the claim with the Bankruptcy Court. As noted above, that objection relies on the statute of limitations as well as on the ground the GCDC is not a successor in interest to GCNY. In response, Milam's estate moved before the Bankruptcy Court for certain relief. In addition to seeking a modification of the automatic stay to enable it to pursue the State Court Action and amend the complaint in that action to add GCDC as a defendant, Milam's estate asked that the Bankruptcy Judge recommend that this Court abstain, pursuant to the discretionary abstention provision of 28 U.S.C. § 1334(c)(1), from hearing the Milam Claim so that the State Court Action could proceed.

On December 13, 1988 oral argument on the motion was heard and Judge Goetz, the Bankruptcy Judge to whom this case is assigned, indicated her rulings from the bench. Those rulings are memorialized in a written opinion that is dated two days after the argument. In her opinion Judge Goetz held that inasmuch as GCDC was not a party to the State Court Action, the automatic stay did not apply to that action. To the extent that the lifting of the stay was sought to enable Milam's estate to add GCDC as a defendant to the State Court Action, the request was denied. Finally, the Bankruptcy Judge recommended that this Court refrain from exercising its discretion to abstain from hearing the Milam Claim. Pursuant to Rule 5011 of the Bankruptcy Rules, Milam's estate filed objections to Judge Goetz's recommendations and the opinion was sent for disposition to this Court under docket number CV 88–3966.

After Judge Goetz indicated her rulings, but before the written opinion was rendered, Milam's estate filed the Withdrawal Motion pursuant to 28 U.S.C. § 157 ("Section 157"). That motion asks that this Court withdraw, for trial or other disposition, the debtor's objections to the Milam Claim, to this Court or to the United States District Court for the Southern District of New York, the district in which the Milam Claim allegedly arose. Because the Abstention Motion and the Withdrawal Motion

are both addressed to the question of the proper forum for hearing on the Debtor's objection to the Milam Claim, the Court will, as noted above, consolidate the cases and rule upon each motion in turn.

### III. *The Abstention Motion*

Milam's objections to the Bankruptcy Court's report take issue with Judge Goetz's rulings on the abstention issue as well as her rulings concerning the modification of the automatic stay. At the outset, the Court notes that a motion to modify the automatic stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G). As such, the Bankruptcy Court was empowered to enter judgment on that branch of the motion. *See* 28 U.S.C. § 157(b)(1); *Hillyard Farms v. White County Bank*, 52 B.R. 1015, 1017 (S.D.Ill.1985). Thus, any appeal of Judge Goetz's rulings as to modification of the stay are not properly before this Court in connection with the transfer of the Judge's recommendation on the abstention issue. If the Court were to assume, however, that the stay modification issues were properly before the Court, there would be little difficulty in affirming Judge Goetz's rulings on those issues.

Since the State Court Action does not name GCDC as a defendant, Judge Goetz properly noted that the automatic stay does not apply to that action. The request to lift the stay to allow amendment of the complaint in the State Court Action to name GCDC as a defendant was properly denied. As noted by the Bankruptcy Court, Milam's counsel has set forth no plausible reason to allow amendment at this time of a fifteen year-old complaint alleging damages that occurred in connection with a twenty year-old injury. To allow such amendment would only further prolong and complicate an already protracted proceeding. Accordingly, even if the issues concerning modification of the automatic stay were properly appealed, the Court would have little difficulty denying that appeal.

Turning to the abstention issue, the Court notes first that its standard of review is governed by Rules 5011 and 9033 of the Bankruptcy Rules. Those Rules provide that the report and recommendation of the Bankruptcy Judge shall be subject to *de novo* review either on the record developed in the Bankruptcy Court or after the taking of additional evidence. In connection with that review this Court may "accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." Bankr.R. 9033(d).

As noted above, the Bankruptcy Court was faced with the question of whether the discretionary abstention provisions of 28 U.S.C. § 1334(c)(1) should be applied. On appeal, Milam argues that the Bankruptcy Court incorrectly recommended that discretionary abstention not be invoked. After outlining, in general terms, the parameters of the abstention doctrine, the Court will address the merits of the appeal.

With certain limited exceptions, 28 U.S.C. § 1334 ("Section 1334") vests the District Courts with original and exclusive jurisdiction of all cases under the Bankruptcy law. Those cases that fall within the non-exclusive jurisdiction of the Bankruptcy Court are those that "arise under," "arise in" or are "related to" cases under the Bankruptcy law.

Proceedings that "arise under" the Bankruptcy law are those causes of action that are either created by Title 11 or are concerned with the administration of the estate and involve no adverse third party. 1 Collier on Bankruptcy ¶ 3.01[1][c][iii] (1988) (hereinafter cited as "Collier"). Collier cites as an example of the latter type of "arising under" proceeding, a dispute between the debtor and the trustee regarding a claim to exemptions. *Id.*

Cases referred to as "related proceedings" are those involving causes of action owned by the debtor that have become the property of the estate and suits between third parties that affect the administration of the estate. Collier ¶ 3.01[1][c][10]. Generally, related proceedings are those civil proceedings that, in the absence of bankruptcy, could have been brought in district or state court. *Id.* All other proceedings

are said to "arise in" the bankruptcy proceeding and consist mainly of administrative matters. Collier ¶ 3.01[1][c][ ].

Proceedings that "arise under," "arise in" or are "related to" the bankruptcy case are subject to the discretionary and mandatory abstention provisions of Section 1334. The discretionary abstention provision of Section 1334 states that:

> "[n]othing in [Section 1334] prevents a district court in the interest of justice or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

28 U.S.C. § 1334(c)(1). Because the mandatory abstention provision of Section 1334 applies only to related proceedings based upon State Law that could not have been commenced in Federal Court, that provision has no application to the admiralty claim presented by Milam. Where mandatory abstention applies, however, Section 1334 states that the district court "shall" abstain from hearing the proceedings if "an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2).

When recommending that discretionary abstention not be invoked, the Bankruptcy Court examined the theories upon which the Debtor could be held liable for Milam's injuries and concluded that abstention should not be recommended. This Court agrees.

■■■ Discretionary abstention is appropriate in those cases where the rights of the parties are controlled by state law and that law is unsettled. *See In re Baptist Medical Center of New York,* 80 B.R. 637, 645–46 (Bankr.E.D.N.Y.1987); *In re Sun West Distributors, Inc.,* 69 B.R. 861, 866–67 (Bankr.S.D.Cal.1987). A finding that GCDC is liable for Milam's injuries will be predicated on GCDC's status as a successor in interest to GCNY. Such a determination will be made after considering issues of corporate and bankruptcy law and not, as Milam's counsel suggests, upon a determination of the state law surrounding the underlying tort claim. Those state law issues are currently the subject of the State Court Action against GCNY—an action that is unaffected by the automatic stay.

Where, as here, the issues to be decided relate to bankruptcy and corporate law and unsettled questions of state law are not presented, the discretionary abstention provision's concerns with the interests of justice, comity and respect for state law are not implicated. Thus, the Court adopts Judge Goetz's report refusing to recommend discretionary abstention.

## IV. *The Withdrawal Motion*

The Withdrawal Motion was made pursuant to 28 U.S.C. § 157 ("Section 157") and, in accordance with Rule 5011 of the Bankruptcy Rules, was properly presented to this Court. *See* Bankr.R. 5011(a). The Withdrawal Motion seeks to have this Court withdraw, for trial or other disposition, the objection to the Milam Claim to this Court or to the United States District Court for the Southern District of New York, the district in which the claim allegedly arose. In support of the Withdrawal Motion, Milam's brief cites to the mandatory and permissive withdrawal provisions of 28 U.S.C. § 157(d) ("Section 157(d)").

Section 157 is the statute that allows District Courts to refer the jurisdiction derived from Section 1334 to the Bankruptcy Courts. *Acolyte Electric Corp. v. City of New York,* 69 B.R. 155, 162–63 (Bankr.E.D.N.Y.1986); *see* 28 U.S.C. § 157(a). In this district all bankruptcy cases have been automatically referred to the Bankruptcy Court pursuant to a standing order of this Court dated August 28, 1986. *See Acolyte,* 69 B.R. at 162–63.

■■■ The automatic reference can be withdrawn by a district court acting *sua sponte* or upon the motion of any party. Discretionary withdrawal may be ordered "for cause shown." 28 U.S.C. § 157(d). Mandatory withdrawal is required if the district court determines that "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

██ Both discretionary and mandatory withdrawal are warranted only if the withdrawal motion is made in a timely manner. *See id.* A withdrawal motion is deemed timely if it is brought "as promptly as possible in light of the developments in the bankruptcy proceedings." *In re IQ Telecommunications, Inc.*, 70 B.R. 742, 746 (N.D.Ill.1987). To ensure that withdrawal motions do not become a financial burden to the parties and the Court and that such motions are not used as tactics to delay the proceedings, it has been held that a withdrawal motion must be filed "as soon as practicable after it has become clear that 'other laws' of the genre described in 28 U.S.C. § 157(d) are implicated." *Id.* (quoting *In re Baldwin United Corp.*, 57 B.R. 751, 754 (S.D.Ohio 1985)).

Applying these standards, a withdrawal motion has been held untimely where it was not filed until after the bankruptcy court issued an opinion considering the issues sought to be withdrawn to the district court. *See In re Fresh Approach, Inc.*, 51 B.R. 412, 415 (Bankr.N.D.Texas 1985). Because the Bankruptcy Judge has already gone to the trouble of considering and rendering an opinion on the issue of abstention, the Court could easily draw an anology to the holding in *In re Fresh Approach* and hold that the withdrawal motion is untimely.

In light of the facts, however, that the abstention and withdrawal motions are addressed to slightly different issues, the bankruptcy proceeding is not nearing completion and no party has shown any prejudice due to the motion's timing, the Court will hold that Milam's withdrawal motion has been timely made. The Court notes, however, that in the interests of judicial economy, and in view of the fact that the grounds allegedly supporting withdrawal have long been known to the movant, the better approach would have been to forego the abstention motion and, instead, proceed directly to the filing of the withdrawal motion.

In support of the claim that mandatory withdrawal is warranted, Milam states that non-Title 11 issues must be considered in connection with hearing the Debtor's objections to the Milam Claim. Specifically, Milam argues that the resolution of the claim will require substantial and material consideration of the Jones Act, the Federal Employers' Liability Act and General Maritime and Admiralty Law. The Debtor counters, and the Bankruptcy Court held, that contrary to Milam's assertions, resolution of the Milam Claim raises issues of corporate and bankruptcy law. For the reasons set forth below, this Court agrees.

██ Mandatory withdrawal is not required in every case where non-Title 11 federal issues will be considered. Instead, withdrawal is required only in those cases where the significant interpretation of non-Title 11 federal issues is necessary to the resolution of a case or proceeding. *In re Johns–Manville Corp.*, 63 B.R. 600, 602 (S.D.N.Y.1986); *see also In re White Motor Corp.*, 42 B.R. 693, 703–04 (N.D.Ohio 1984).

██ At this point in the proceedings Milam's Claim is presumably being pursued against GCNY in the State Court Action and it appears that if GCDC is to be held liable it will be because it is a successor in interest to the liabilities of GCNY. The determination of this issue requires consideration of the assets acquired by GCDC from GCNY and whether any fraudulent transfers were made. Such issues commonly arise in a bankruptcy setting and this Court is confident that the Bankruptcy Court has at least as much, if not more, expertise in these areas than this Court. Since the Court finds that resolution of the objections to the Milam Claim do not require the significant interpretation of non-Title 11 issues, the Court declines to order mandatory withdrawal of the reference.

For similar reasons the Court declines to find that "cause" for ordering discretionary withdrawal exists. When determining whether cause for withdrawal exists the Court considers whether the proceeding is a core proceeding as well as other factors including the complexity of the issues, the amount of time it would take to resolve the issues, necessary discovery, and whether the issue raised is the type of issue typically heard in the context of a bankruptcy

proceeding. *See generally In re Leedy Mortgage Company, Inc.,* 62 B.R. 303, 306 (E.D.Pa.1986).

An objection to a claim is a core proceeding under Section 157. *See* 28 U.S.C. § 157(b)(2)(B). Although Milam characterizes the instant proceeding as the liquidation or estimation of a contingent or unliquidated tort claim and, therefore, not within the definition of a core proceeding, *see id.,* the Court differs with this characterization. The estimation of Milam's tort claim is a matter that is presently proceeding in State Court against GCNY. The precise issues raised by GCDC's objections, as they are presently framed, relate to the statute of limitations and the company's status as a successor in interest to the liabilities of GCNY. Thus, the Court deems it appropriate to label the Debtor's objection to the Milam Claim as a core proceeding.

Consideration of the remaining factors also militates against a holding that cause for withdrawal exists. The debtor's objections, as noted above, rely on issues of bankruptcy and corporate law. Thus, as the issues are presently framed, the Bankruptcy Court appears well suited to decide those objections. If circumstances develop, such as the need for a jury trial to determine the underlying tort liability, the Court would be willing to entertain a renewed motion to withdraw. At the present time, however, the Court declines to grant the Withdrawal Motion.

## CONCLUSION

The cases bearing docket numbers 88–3966 and 88–3990 are ordered to be consolidated. The report and recommendation of Judge Goetz appearing in the case numbered 88–3990 is affirmed. The motion made in connection with case number 88–3966 is denied. The Clerk of the Court is directed to close both cases.

SO ORDERED.