**In re WEST ELECTRONICS, INC.**

**WEST ELECTRONICS, INC., Plaintiff,**

**v.**

**NATIONAL UNION FIRE INSURANCE CO., Defendant.**

**Bankruptcy No. 86–07871.**
**Adv. No. 89–0965.**

United States Bankruptcy Court,
D. New Jersey.

June 12, 1991.

See also 128 B.R. 905.

Mesirov, Gelman, Jaffe, Cramer & Jamieson, Robert H. Malis, Robert B. Bodzin, Philadelphia, Pa., for plaintiff/debtor West Electronics Inc.

White & Williams, Christopher P. Leise, Michael O. Kassak, Westmont, N.J., for defendant National Union Fire Ins. Co.

## OPINION

WILLIAM H. GINDIN, Chief Judge.

### I. Introduction

Presently before the court is the motion of National Union Fire Insurance Company ("National Union") for a determination as to whether this adversary proceeding is core or non-core. For the reasons set forth below, this court concludes that this matter is a core proceeding.

### II. Procedural History

The instant motion arises in the context of a suit by the debtor to recover on an insurance policy for loss of its property

while in the custody of an agency of the United States government. After numerous conferences, the court determined that the matter should be divided into three phases.

In Phase I, the court considered whether or not the insurance policy, the subject matter of the law suit, was in effect on the date of the loss. The matter was heard, and an opinion was issued by the court on August 1, 1990. The court concluded that the insurance policy was in effect at the time of the loss.

The second phase, the subject of cross-motions for summary judgment, will be considered in a companion opinion also issued on this day. The final phase of the case will be a determination of damages. It should be noted that with respect to Phases II and III, defendant, National Union, has demanded, and has not waived, its demand for a trial by jury.

■ Prior to the determination of the cross-motions in Phase II, National Union brought the within motion to have this matter declared to be a "non-core" proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(3). In addition, National Union requests that the court exercise its discretion under 28 U.S.C. § 1334(c)(1) and abstain from hearing the matter. Finally, it requests a stay to await a motion for withdrawal of the reference which National Union "intends" to timely file.[1]

### III. Facts

The debtor, West Electronics, Inc. ("West"), is an electronics manufacturer. Prior to filing the Chapter 11 proceeding, West devoted the major portion of its work to defense contracts with the United States government. Those contracts were administered by Defense Contractors Management Service Area (hereinafter referred to as "DCMSA"). For many months prior to December 1986, the debtor had been experiencing severe financial difficulties. It had not made all of the necessary payments to its trade creditors, it had failed to pay withholding taxes to the Internal Revenue Service ("IRS") when due, and it was engaged in a major dispute with DCMSA concerning its alleged default under several contracts.

Contrary to conventional wisdom, one part of the government did speak with another part of the government and on December 12, 1986, a representative of the IRS told a representative of DCMSA that it intended to make a seizure of debtor's property in order to satisfy its claim for income tax delinquency. DCMSA, for its part, claiming contract defaults, requested that the IRS keep it informed, and to let it know when the seizure was made.

On December 18, 1986, the Internal Revenue Service seized all of the tangible assets of the debtor. December 19, 1986 was a busy day for all parties involved. The Internal Revenue Service informed DCMSA that it had made the seizure and that they were free to come in. DCMSA terminated the contracts then pending with the debtor on the same date and constructively seized the property on the premises of the debtor. At 4:11 p.m. of that same day, the debtor filed the within Chapter 11 petition. Sometime after December 19, 1986 and after the filing of the petition, DCMSA removed the property. Either while removing the goods, while they were in storage or upon returning the property to the debtor some weeks later, significant damage was inflicted upon the property of the debtor.

As indicated above, this court has already determined that the insurance policy issued by the defendant was in force.

### IV. Discussion

#### A. Jurisdiction

■ As a threshold matter, this court must, as always, determine whether it has jurisdiction, particularly since that jurisdiction has been called into question by Na-

---

1. It should be noted that the intention was made known upon the filing of the motion in an improperly certified and unsworn affidavit filed with the court under date of November 27, 1990. As of the writing of this opinion, such a motion has yet to be filed. This final request is hereby denied on the ground that the mere consideration of a stay pending an intention has no basis in law or in fact whether properly certified or not.

tional Union. 28 U.S.C. § 1334 provides in pertinent part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction in a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11.

In the Third Circuit, bankruptcy jurisdiction was articulated by Judge Garth in *Paccor v. Higgins*, 743 F.2d 984 (3d Cir. 1984). The test has been stated as "whether the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy". *Paccor*, 743 F.2d at 994. In the context of the instant case, it is clear that the outcome of this proceeding will have a substantial impact upon the estate. Consequently, this court has jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1334(a) and (b).

Having determined this threshold issue the court may now turn to the question of classification of the proceeding pursuant to 28 U.S.C. § 157.

### B. Core/Non-Core

■ Statutory authority unequivocally directs that the bankruptcy court is the proper forum in which to bring a motion for determination as to whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3) provides that

[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under Title 11....

Furthermore, in this district, clear direction to the bankruptcy court that it may make such a determination can be found in *Dailey v. First Peoples Bank*, 76 B.R. 963

(D.N.J.1987). Accordingly, this motion is appropriately before the bankruptcy court.

In support of its motion, National Union asserts that this case is a "garden-variety date common law breach of contract action concerning an insurance policy entered into by the debtor pre-petition." (Brief of National Union at 2–3). Relying upon the basic principles laid down in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), counsel asserts that the bankruptcy court has no jurisdiction over the instant dispute absent the core/non-core distinction made in the 1984 amendments to the Bankruptcy Code (Bankruptcy Amendments and Federal Judgeship Act of 1984, commonly known as BAFJA). Pub.L. No. 98–353 (1984). Under this rationale, the scheme devised by BAFJA to determine certain actions to be non-core avoided the constitutional infirmities determined by the Supreme Court in *Marathon*.

In *Marathon*, however, as in the cases cited in support thereof, the offending situation involved not only a pre-petition contract, but a pre-petition breach of that contract. *In re Castlerock Properties*, 781 F.2d 159 (9th Cir.1986), *In re Wood*, 825 F.2d 90 (5th Cir.1987), *In re Blue Point Carpet, Inc.*, 86 B.R. 327 (Bankr. E.D.N.Y.1988). While National Union also relies heavily on the case of *Pied Piper Casuals, Inc. v. Insurance Co. of Pa.*, 72 B.R. 156 (Bankr.S.D.N.Y.1987), a careful reading of that case does not reveal whether the breach asserted or the loss upon which it was based occurred pre or post-petition.[2] It is on the basis of the timing of the breach that these cases are distinguishable from the one *sub justice*.

■ In the instant case, the events resulting in the loss and the cause of action for recovery under the insurance policy arose after the filing of the petition. As a result, that cause of action accrued to the estate and *not* to the debtor. Thus, the debtor in possession, an entity separate and distinct from the debtor, could not possibly have had a pre-petition cause of action because it did not come into existence until

---

**2.** It is clear that such a finding was not necessary to the determination of the case.

after the filing of the petition. *See* 11 U.S.C. § 1101 *et seq.* Thus, all of the cases cited by National Union are distinguishable on the ground that the instant parties are different.

The distinction between the debtor and the debtor in possession was pointed out in a proceeding which arose in this very bankruptcy case. In *In re West Electronics, Inc.*, 852 F.2d 79 (3d Cir.1988), Judge Greenberg prohibited an assignment of a contract which required the personal attention and services of the contracting party from the debtor to a debtor in possession. *West*, 852 F.2d at 83. While Judge Higginbotham dissented on the ground that the distinction between the debtor and the debtor in possession was inappropriate in that circumstance, the position of Judge Greenberg, speaking for the majority, is the law of this case.

Furthermore, even if the parties remained the same, the cause of action which is the subject matter of this complaint could not possibly have arisen prior to the filing of the petition since the loss involved occurred post-petition. The Third Circuit has made it clear that a distinction must be drawn between a pre-petition and a post-petition cause of action. *In re M. Frenville Co.*, 744 F.2d 332, 33 (3d Cir.1984). In *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1399 (2d Cir.), *cert. granted,* —— U.S. ——, 110 S.Ct. 3269, 111 L.Ed.2d 779, *vacated,* —— U.S. ——, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated,* 924 F.2d 36 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991), Judge Timbers reasoned that

> [l]ogically, a post-petition contract that has as its subject matter an estate asset must be analyzed differently than one arising pre-petition.

Moreover, in our own circuit, the district court in Pennsylvania has held that:

> there appears to be no constitutional impediment that would prevent a bankruptcy court from deciding a post-petition cause of action based on a state law contract claim.

*Valley Forge Plaza Assoc. v. Fireman's Fund Ins. Cos.*, 107 B.R. 514, 517 (Bankr. E.D.Pa.1989).

Having determined that the loss and the cause of action occurred post-petition, and that the cause of action belongs to the debtor in possession, this case fits into the category described in 28 U.S.C. § 157(b)(2)(A) as a "matter[s] concerning the administration of the estate" because it is a case which arose *under* the bankruptcy case itself since it involves damage to property which was already property of the estate and belonged to the debtor in possession whether by timing or by the operation of 11 U.S.C. §§ 542, 549 and 362(a)(4).

Additionally, this action, by definition, is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(E). The proceeds of the policy substitute for the damaged property and as such are property of the estate under 11 U.S.C. § 541. Because the proceeds would be subject to turnover pursuant to 11 U.S.C. § 542, this action is a core matter as set forth in the statute.

National Union further urges this court to consider the fact that this matter may require a jury. The leading case on the issue of jury trials in the bankruptcy court is *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). In that case Justice Brennan specifically indicated that the issue of whether or not a jury trial could be held in a core matter was simply not decided. *Granfinanciera*, 492 U.S. at 64, 109 S.Ct. at 2802. In *Ben Cooper*, the Second Circuit clearly stated that no bar exists and reasoned that:

> [i]f bankruptcy courts have the power to enter final judgements without violating article III, it follows that jury verdicts in the bankruptcy courts do not violate article III.

896 F.2d at 1403. Furthermore, in this district, in *Dailey v. First Peoples Bank, supra,* Judge Gerry specifically held that "the bankruptcy court possesses both statutory and constitutional power to hold jury trials [in core matters]." *Dailey,* 76 B.R. at 968. Finally, in this circuit, Judge Greenberg specifically avoided finding an impediment to conducting a jury trial in the

bankruptcy court in a core matter. *Beard v. Braunstein*, 914 F.2d 434 (3d Cir.1990).

This court is aware of authority which may be contrary to its holding today. *See, e.g., In re United Missouri Bank*, 901 F.2d 1449 (8th Cir.1990). This court, however, is persuaded by the reasoning of the Second Circuit and by the existing precedent in this district and this circuit. Consequently, this court rejects National Union's assertion that this court lacks jurisdiction. This matter is a core proceeding, and the bankruptcy court may conduct a jury trial in a core proceeding.

### C. Abstension

■ National Union alternatively requests that this court exercise its discretion and abstain. The standards for discretionary abstention are set forth in 28 U.S.C. 1334(c)(1) which provides:

> Nothing in this section prevents the district court in the interest of justice or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

Because National Union grounds its request for abstention on the jury trial issue and the alleged jurisdictional difficulties discussed above, that argument must be rejected.

National Union also contends that there are unsettled or novel questions of state law involved in the matter at bar. *Harley Hotels, Inc. v. Rain's International Ltd.*, 57 B.R. 773 (Bankr.M.D.Pa.1985) *In re Gibson & Cushman Dredging Corp.*, 100 B.R. 634 (Bankr. E.D.N.Y.1989). The only issue which is novel, however, was the issue previously heard and determined by this court in its earlier opinion. Nevertheless, National Union seeks a fresh determination of an issue already decided and one which may well be barred by the doctrine of collateral estoppel. If this court had jurisdiction and the issue was tried, collateral estoppel prevents its relitigation in another forum. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); *Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir.1976). Not even a bare assertion of novelty is made concerning the issue of whether or not the specific loss in question is covered. In fact, an examination of the briefs submitted in connection with the cross-motions for summary judgment reveals that a number of the issues arise out of federal law as opposed to state law.

■ Any determination on the issue of abstention rests with the sound discretion of the bankruptcy court. *In re Howe*, 913 F.2d 1138, 1143 (5th Cir.1990); *In re Southwinds Assoc., Ltd.*, 115 B.R. 857, 860–61 (Bankr.W.D.Pa.1990). This court could discover no reported decision wherein a case was partially tried and the trial court subsequently exercised its discretion to abstain. A court should not and must not make a decision to abstain without extreme caution where that court determines that it has appropriate jurisdiction initially and the parties have undertaken a substantial portion of the case. *Southwinds*, 115 B.R. at 861.

### V. Conclusion

Based upon the foregoing, the motion to abstain is denied, the motion for a stay is denied and the matter is determined to be a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A) and (E). Counsel for West shall submit an order in accordance with the terms of this opinion within 10 days.