**In re APEX OIL COMPANY, et al.**

**UNITED STATES CUSTOMS SERVICE, Appellant,**

v.

**APEX OIL COMPANY, et al., Appellees and Cross–Appellants.**

No. 91–0372C(3).

United States District Court, E.D. Missouri, E.D.

Aug. 27, 1991.

Frederick J. Dana, Assistant U.S. Atty., Michele L. Kenney, Office of Asst. Chief Counsel, U.S. Customs Service, Indianapolis, Ind., Charles D. Stodghill, Civ. Div., U.S. Dept. of Justice, Washington D.C., and A. Robert Beikirch, Dist. Director, Dept. of Treasury, U.S. Customs Service, Baltimore, Md., for U.S. Customs Service.

James J. Cole, Asst. U.S. Trustee, St. Louis, Mo.

Robert H. Brownlee, Thompson & Mitchell, St. Louis, Mo., for Chemical Bank.

John P. Kreis, Thomas A. Bolan, Paul A. Maas, Gendel Raskoff Shapiro & Quittner, St. Louis, Mo., and John A. Moe, II, Gendel Raskoff Shapiro & Quittner, Los Angeles, Cal., William H. Bode and John M. Mason, Washington D.C., for debtor Apex Oil Co.

Frederick H. Mayer, Steven Cousins, Joseph R. Niemann, and David L. Going, Armstrong Teasdale Schlafly Davis & Dicus, St. Louis, Mo., for official, unsecured creditors.

## ORDER

HUNGATE, District Judge.

This matter is before the Court on cross-appeals by the United States Customs Service ("Customs") and Apex Oil Company ("Apex") from a final order entered in *Apex Oil Co. v. U.S. Customs Service (In re Apex Oil Co.)*, 122 B.R. 559 (Bankr. E.D.Mo.1990). Customs appeals that portion of the order in which the Bankruptcy Court ruled that all post-petition administrative actions taken by Customs against Apex violated the automatic stay. Apex appeals the decision of the Bankruptcy Court to permissively abstain from deciding Customs' claim against Apex under 28 U.S.C. § 1334(c)(1) and delegating that claim to the Court of International Trade ("CIT") for adjudication.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). For the reasons stated below, this Court affirms the ruling concerning Customs' violation of the automatic stay and vacates the Bankruptcy Court's permissive abstention ruling.

Customs' claim arises primarily from Apex's importation and exportation of crude oil and petroleum products. Customs maintains that Apex received excessive rebates (or drawbacks) for certain duties paid and must return the excess. Customs also maintains that Apex should have paid higher duties for certain oil imports because they originated in the Soviet Union.

Apex submitted two drawback claims to Customs in August 1984 and January 1985, asserting entitlement to rebates by exporting sufficient domestically-refined petroleum products. Customs regulations provide for accelerated drawback payments which the claimant receives before a determination that the drawback is justified. 19 C.F.R. § 191.72. Accelerated drawback payments are available only to those claimants who are not delinquent or otherwise remiss in transactions with Customs. *Id.* Customs refunded what Apex claimed on both drawbacks. Pursuant to 19 U.S.C. § 1509 and Customs' regulations, drawbacks are rebated subject to a final audit,

referred to as liquidation, wherein Customs either accepts or denies all or part of the drawback.

Customs liquidated the first drawback entry in September 1986 and determined that this drawback entry would be disallowed. Customs issued this determination in November 1986 and demanded that Apex repay the first drawback. Apex protested this decision on February 4, 1987, pursuant to 19 C.F.R. § 174.12. On December 24, 1987, Apex filed its Chapter 11 bankruptcy petition, thereby invoking an automatic stay of actions against the debtor. *See* 11 U.S.C. § 362(a)(1). In September 1988, Customs notified Apex that it must return all of the second drawback as well. On January 17, 1989, Customs denied Apex's protest relating to the first drawback. Customs did not seek relief from the automatic stay before taking these post-petition actions.

Also related to this case is Apex's importation of gas oil during 1984 which Apex listed as of Dutch origin and paid the corresponding duty. In May 1988, Customs administratively liquidated several of the relevant gas oil entries and determined that some of the oil imports were from the Soviet Union and thus subject to a higher duty. In December 1988, Customs issued a pre-penalty notice claiming that Apex was guilty of "gross negligence" in failing to list the Soviet Union as the origin of all relevant gas oil entries. Again, Customs took these actions without seeking relief from the automatic stay.

On February 12, 1988, Customs filed its initial proof of claim against Apex. This claim was amended nine times. On September 27, 1989, Apex objected to Customs' fifth amended proof of claim.

■ Customs alleges that the Bankruptcy Court erred in ruling that all post-petition actions taken by Customs with respect to Apex violated the automatic stay. In support of this position, Customs asserts that its actions were not actions against the debtor and were not actions to collect a claim against the debtor. Alternatively, Customs maintains that it is exempt from the automatic stay under 11 U.S.C. § 362(b)(9).

Section 362(a)(1) of the Bankruptcy Code operates as a stay of:

> the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. . . .

11 U.S.C. § 362(a)(1). The September 1988 determination to disallow Apex's second drawback claim, the January 1989 denial of Apex's pre-petition protest relating to the first drawback, the May 1988 liquidation of gas oil entries, and the December 1988 issuance of a pre-penalty notice were all post-petition actions taken by Customs which the Bankruptcy Court found violated the stay provision of the Bankruptcy Code.

In essence, Customs asserts that it had to liquidate the drawback and entry claims to determine whether it had a claim against Apex. Customs maintains that its actions are no different than what any creditor must do to determine whether it has a claim, and it would be inefficient to require Customs to seek relief from the stay in every situation involving a bankrupt. The Court finds these arguments non-persuasive.

Customs filed its original proof of claim in February 1988, which included an unliquidated claim for the second drawback. Oddly, Customs' post-petition liquidation of the second drawback claim yielded the same amount as stated in its original proof of claim. Moreover, the Bankruptcy Code contains a broad definition of "claim". A "claim" includes any right to payment whether liquidated or unliquidated. 11 U.S.C. § 101(4)(A). Additionally, Customs' argument is undermined by a Bankruptcy Code provision that can invest Customs with a priority claim for all entries that were unliquidated as of the filing date. 11 U.S.C. § 507(a)(7)(F).

In addition to these inconsistencies, and perhaps more importantly, Customs' post-

petition liquidation was final and conclusive. "[D]ecisions of the appropriate Customs officer ... as to ... the liquidation or reliquidation of an entry, or any modification thereof ... shall be final and conclusive upon all persons...." 19 U.S.C. § 1514(a)(5). Any protest must be filed within ninety days of the notice of liquidation. 19 U.S.C. § 1514(c). Apex's failure to protest within this time period renders the liquidation final and unreviewable. Thus, the actions taken by Customs are more than a simple determination of whether Customs has a claim. These post-petition actions were actions taken against Apex which dramatically altered the status quo.

The cases cited by Customs in support of its position are likewise non-persuasive. None of the cases involved actions which determine the ultimate obligation of the debtor. *See David v. Hooker, Ltd,* 560 F.2d 412 (9th Cir.1977); *First National Bank v. Roach (In re Roach),* 660 F.2d 1316 (9th Cir.1981).

■ Finally, the Court does not find that Customs qualifies for the exemption from the automatic stay provision. Section 362(b)(9) exempts from the automatic stay "the issuance to the debtor by a governmental unit of a notice of tax deficiency." The Court concurs in the Bankruptcy Court's determination that:

> Customs has cited no case which holds that the assessment of import duties is the functional equivalent of a tax deficiency assessment for purposes of Section 362(b)(9). This Court declines to read into the statute that which is not excepted from the automatic stay provision.

*Apex/Customs,* 122 B.R. at 567. Based on the foregoing, the Court finds that Customs' post-petition actions violated the automatic stay, and will affirm the Bankruptcy Court's ruling on this issue.

■ With respect to the Bankruptcy Court's abstention ruling, Apex contends that consigning Customs' claim to the CIT would not be in the "interest of justice". To the contrary, Apex asserts that abstention would foster judicial inefficiency and

greatly interfere with Apex's reorganization plan.

28 U.S.C. § 1334(c)(1) provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Most of the case law considering this provision relates to whether the Bankruptcy Court should abstain from hearing State law issues. *See e.g., Nat'l Union Fire Ins. Co. v. Titan Energy, Inc. (In re Titan Energy),* 837 F.2d 325 (8th Cir.1988); *In re Gibson & Cushman Dredging Corp.,* 100 B.R. 634 (E.D.N.Y.1989). This case involves permissive abstention in favor of another federal court. Courts have found that discretionary deferral by the Bankruptcy Court to the Armed Services Board of Contract Appeals was proper. *See Matter of Gary Aircraft Corp.,* 698 F.2d 775 (5th Cir.), *cert. denied,* 464 U.S. 820, 104 S.Ct. 82, 78 L.Ed.2d 92 (1983); *In re Invader Corp.,* 71 B.R. 564 (Bankr.W.D.Tex. 1987). The *Matter of Gary* Court found deferral proper because "government contracting law tends to be technical and esoteric." 698 F.2d at 783–84.

While this case may involve technical and esoteric issues of law which the CIT is particularly well-suited to hear, the Court finds other factors peculiar to this case render the Bankruptcy Court's abstention ruling erroneous. While the parties dispute the appropriate standard of review on this issue and whether the ruling on this issue should be treated as a final order or a report and recommendation, the Court finds, for the reasons set forth below, that even under the most lenient standard of review, abuse of discretion, the Bankruptcy Court's abstention ruling cannot stand.

Since this case does not involve issues of State law, the Bankruptcy Court should have considered whether it is in the "interest of justice" to abstain from hearing Customs' claim. *See* 28 U.S.C. § 1334(c)(1). This Court finds that it is not in the interest of justice to abstain from hearing Cus-

toms' claim because the CIT is not an available forum given the jurisdictional requirements of the CIT and the Bankruptcy Court's order confirming Apex's reorganization plan entered on August 16, 1990. *See In re Apex Oil Co.*, 118 B.R. 683 (Bankr. E.D. Mo. 1990).

First, the CIT cannot exercise jurisdiction unless Apex exhausts its administrative remedies. *See Atmel Corp. v. United States*, 719 F.Supp. 1101, 1104–05 (Ct. Int'l Trade 1989). As indicated above, this Court will affirm the Bankruptcy Court's ruling that all of Customs' post-petition actions violated the automatic stay and are thereby null and void. Therefore, duplicative administrative proceedings would have to begin anew. In contrast, the Bankruptcy Court can decide Customs' claim without Apex exhausting its administrative remedies.

Second, to invoke the jurisdiction of the CIT on a denial of Apex's protests on the drawback claims would require Apex to prepay 100% of Customs' claim. *See* 28 U.S.C. § 2637(a). Prepayment is a jurisdictional requirement that is strictly construed. *American Air Parcel Forwarding v. United States*, 718 F.2d 1546, 1550–51 (Fed.Cir.1983), *cert. denied*, 466 U.S. 937, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984). The Bankruptcy Court tried to avoid this requirement by suggesting that Apex could satisfy this requirement by depositing an indeterminate amount into an escrow account. There is no authority to suggest that the creation of an escrow account would satisfy the CIT's strict jurisdictional requirement. In fact, the case law suggests the contrary conclusion. *See id.; Slazengers, Inc. v. United States*, 158 F.Supp. 726, 729 (Cust.Ct.1957). Customs concedes that this would be a case of first impression in the CIT with respect to these jurisdictional arguments. Thus, Customs acknowledges that, at best, preliminary proceedings would be required in the CIT to determine whether an escrow account would satisfy the Court's jurisdictional re-

quirement. In the worst case scenario, the CIT could decide it is without jurisdiction to hear Customs' claims.

Finally, the abstention ruling would result in actions that are inconsistent with the Bankruptcy Court's confirmation order. The CIT prepayment requirements would obligate Apex to prepay the penalty component of Customs' claim even though the confirmation order "zeroed-out" penalty claims. *See* 118 B.R. at 699–700. Moreover, the confirmation order and reorganization plan do not provide for an escrow account and, therefore, further proceedings may be required in the Bankruptcy Court to modify the confirmation order. *See* 11 U.S.C. § 1127(b).

Thus, the Court finds that there are too many uncertainties with regard to the abstention ruling. In light of the foregoing, the Court concludes that it is not in the interest of justice to abstain from hearing Customs' claims and that the Bankruptcy Court abused its discretion in finding abstention appropriate in this case.

Accordingly,

IT IS HEREBY ORDERED that the Bankruptcy Court's ruling is affirmed in part and overruled in part.

IT IS HEREBY FURTHER ORDERED that the Bankruptcy Court's ruling with regard to Customs' violation of the automatic stay is affirmed.

IT IS HEREBY FURTHER ORDERED that the Bankruptcy Court's abstention ruling is overruled.

IT IS HEREBY FURTHER ORDERED that this matter is remanded to the Bankruptcy Court for further proceedings consistent with this order. Each party shall bear its own costs.