**UNITED STATES, Plaintiff,**

v.

**SENTRY INSURANCE, a Mutual Company, Defendant.**

**Slip Op. 97–133.**
**Court No. 94–03–00173.**

United States Court of International Trade.

Sept. 17, 1997.

Frank W. Hunger, Assistant Attorney General, Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (James A. Curley), of·counsel, Jeffrey Sajdak, Office of the Assistant Chief Counsel, United States Customs Service, Washington, DC, for plaintiff.

O'Donnell, Byrne & Williams (Michael A. Johnson), of counsel, Paul V. Byrne, Chicago, IL, for defendant.

## *OPINION*

TSOUCALAS, Senior Judge.

Plaintiff moves for summary judgment, claiming Sentry Insurance, A Mutual Company ("Sentry"), is liable to the U.S. Customs Service ("Customs") for unpaid amounts pursuant to a Vessel, Vehicle, or Aircraft Bond (Single Entry) ("*Bond*") related to foreign repairs made on an American vessel that Trinidad Corporation ("Trinidad"), as principal, and Sentry, as surety, executed and delivered to Customs. Customs contends it is due a total of $24,818.21 in duties plus interest, costs, expenses and attorneys' fees from Sentry under the Bond. Sentry cross-moves for summary judgment.

### *Background*

Under 19 U.S.C. § 1466 (1988), a U.S.-registered vessel engaged in trade is liable for duty in the amount of 50 percent *ad valorem* of the cost of repairs made in a foreign country on that vessel upon the vessel's first arrival in any port of the United States. In anticipation of such duties, on January 30, 1985, agents of both Trinidad and·Sentry executed and delivered to Customs the Bond related to the entry of the *Admiralty Bay* to a U.S. port. Under the terms of the Bond, Trinidad and Sentry are jointly and severally liable for any duties, charges, exactions, penalties or other sums found legally due the United States. *See Bond,* Def.'s App., Ex. A (Jan. 30, 1985).

On February 1, 1995, Trinidad entered the *Admiralty Bay,* a U.S.–registered vessel engaged in trade that had been subject to foreign repairs effectuated in Japan, at the port of Valdez, Alaska. Soon after the entry of the vessel, Trinidad filed its initial application for determination of duties, estimating it owed $976,080.00 in duties for vessel repairs, with the Liquidation Branch of the U.S. Customs Service in San Francisco, California. *See Letter from B.A. McKenzie & Co., Inc. to U.S. Customs Service,* Def.'s App., Ex. C (June 24, 1985). Customs, however, did not demand deposit of estimated duties from Trinidad or inform Trinidad or Sentry of any liquidation at that time.

On December 24, 1987, Apex Oil Company and fifty-one of·its subsidiaries, including Trinidad, filed voluntary petitions for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Missouri. On April 1, 1988, two years and nine months after Trinidad's initial application for determination of duties, Customs purported to liquidate the vessel repair entry at $997,053.50. Thereafter, on June 7, 1988, pursuant to 19 C.F.R. § 113.38(c)(4) (1988), Customs notified Sentry that: (1) liquidation of the entry had occurred; (2) $1,005,258.53, which comprised the original duty amount in addition to the accumulated interest at·the time, was owed by Trinidad; (3) Trinidad was in bankruptcy; and (4) Sentry should direct any payment or further correspondence to the Director of the U.S. Customs National Finance Center in Indianapolis, Indiana, within 120 days. *See Letter from U.S. Customs Service to Sentry Ins. Co.,* Def.'s App., Ex. E.

On July 16, 1988, Customs filed a claim against Trinidad in the bankruptcy proceedings (Claim No. 235), including a claim for $997,053.50 and "0 interest" relating to the alleged liquidated duty amount of the entry. *Opinion & Order, In re Apex Oil Co.,* Def.'s App., Ex. D, at 3 (Bankr.E.D.Mo. March 26, 1992). On August 2, 1988, Mathiasen's Tanker Industries, Inc. ("MTI"), debtor-in-possession, prepared and mailed a check for $997,-053.50 in payment of the portion of Claim No. 235 relating to the foreign vessel repair

entry. Customs negotiated MTI's check on August 8, 1988. Customs claimed that, after negotiation of the check from MTI, a balance of $24,818.21 remained in duties from the accumulated interest on the original duty amount since, pursuant to 19 C.F.R. § 24.3a(c)(4) (1988), a late payment is first applied to the interest charge on the delinquent amount, and then to the delinquent principal amount.

On September 1, 1988, pursuant to MTI's payment, Customs filed a Notice of Satisfaction of Claim with the Bankruptcy Court, stating that its claim against Trinidad had been fully satisfied by MTI. *See Notice of Satisfaction of Claim*, Pl.'s App., Ex. 7. Subsequently, within the time specified by Customs for protest, Sentry responded to the National Finance Center, objecting to the payment of interest and pointing out that the entry was liquidated after the commencement of bankruptcy proceedings by the principal on the bond and, therefore, Customs should either waive the interest or collect it through the bankruptcy court, where the government's rights are superior to those of any private party. *See Letter from Attorneys for Sentry Ins. Co. to U.S. Customs Service, National Finance Center*, Def.'s App., Ex. F. (Sept. 2, 1988).

Trinidad, on August 11, 1989, filed an Objection to Claim No. 235, seeking disallowance of the claim on the basis that the claim was paid in full and payment had been acknowledged. The Bankruptcy Court responded by entering a Default Order Sustaining Objection to Claim No. 235 on September 29, 1989, and concluding that Customs violated the automatic stay effected under 11 U.S.C. § 362(a)(1) (1988) once an entity files under Chapter 11. *See In re Apex Oil Co.*, 122 B.R. 559, 567 (Bankr. E.D.Mo.1990). The Bankruptcy Court, however, decided to refer the matter to the U.S. Court of International Trade. *See id.* at 566. On appeal, the U.S. District Court for the Eastern District of Missouri affirmed the Bankruptcy Court's holding but determined that the matter should not be referred to the U.S. Court of International Trade because it was in the interest of justice to keep the matter in bankruptcy court.

*See In re Apex Oil Co.*, 131 B.R. 712, 715–16 (E.D.Mo.1991). Finally, the Bankruptcy Court entered its decision confirming the satisfaction and disallowance of the claim at issue against Trinidad, deeming the claim fully satisfied by MTI's payment. *See Opinion & Order, In re Apex Oil*, Def.'s App., Ex. D.

Although the Bankruptcy Court held the debt satisfied as to Trinidad, Customs has continued to demand from Sentry the balance allegedly due from the *Admiral Bay*'s vessel repair entry under the Bond. The amount claimed by Customs had reached $40,228.69 as of May 28, 1993. *See Letter from U.S. Customs Service to Sentry Ins. Co.*, Pl.'s App., Ex. 6. On March 21, 1994, Customs filed suit with this Court against Sentry.

*Discussion*

On a motion for summary judgment, it is the function of the Court to determine whether there remain any genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Once the Court determines that no genuine issues of material fact exist, summary judgment is properly granted when the movant is entitled to summary judgment as a matter of law. *See Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed.Cir.1987).

■ The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1582(2) (1988), which gives this Court exclusive jurisdiction over any civil action commenced by the United States for the recovery on a bond relating to the importation of merchandise. While the statute states that it pertains to the importation of *merchandise*, the legislative history clarifies that the section grants this Court jurisdiction over *all* suits by the Government for recovery on a Customs bond, unless such claims involve a bankruptcy. *See* H.R.Rep. No. 96–1235, 96th Cong., 2d Sess., at 7 (1980) ("This section authorizes the court to hear civil . . . actions seeking recovery on a customs bond or of customs duties.").

■ According to 19 U.S.C. § 580 (1988), in suits on bonds for recovery of duties,

interest is allowed at a rate of six percent per year from the time the bond comes due. In this case, the Bond never came due because MTI's payment fully satisfied Trinidad's debt and discharged Sentry's obligation. Moreover, interest did not accrue on Trinidad's debt because Customs did not liquidate the entry at issue for over three years after entry of the *Admiralty Bay,* well after Trinidad filed for bankruptcy.[1]

■ The Bond in this case provides that Sentry's obligations terminate in the following manner:

> If [Trinidad] shall pay to the district director of customs of said port promptly on demand . . . any duties, charges, exactions, penalties, or other sums found legally due the United States from any master or other proper officer or owner of said vessel, vehicle, or aircraft on account of said vessel, vehicle, or aircraft;
>
> * * *
>
> Then this obligation [of Sentry] shall be void; otherwise to remain in full force and effect.

*Bond,* Def.'s App., Ex. A, at 1–2. Moreover, it is an elementary proposition of suretyship that where a principal is released by the creditor, the surety, whose obligation is accessory to the main obligation, is also discharged. James L. Elder, The Law of Suretyship (5th ed.1972); *see also In re Teerlink Ranch Ltd.,* 886 F.2d 1233, 1235 (9th Cir. 1989) ("It is hornbook law that the debtor's payment of a debt discharges both the debtor and the guarantor of the debt. Where the debt is paid, the guarantee is extinguished. There is nothing more to guarantee.").

As the Bankruptcy Court held and the District Court affirmed, Customs' April 1, 1988 liquidation was void as a violation of the automatic stay, and so, interest never began to accrue on the entry. Nevertheless, MTI paid the sum Customs demanded as duty on the entry and Customs subsequently filed a Notice of Satisfaction of Claim with the court, stating that "[t]he claim of the United

States Customs Service . . . has been satisfied . . . from [MTI], in the amount of $997,-053.50." Pl.'s App., Ex. 7. Consequently, according to surety law and the terms of the Bond, Sentry's obligation was discharged with Customs' satisfaction in bankruptcy court pursuant to MTI's payment of the amount due from Trinidad. In the words of the Bankruptcy Court in disallowance of Customs' claim, "Claim No. 235 filed by [Customs] against Trinidad Corporation *is deemed satisfied and paid in full and no additional principal or interest is due from [Apex, Trinidad, MTI],* or any former debtor-in-possession or Reorganized Debtor, with respect to the vessel repair entry on the Admiralty Bay. . . ." *Opinion & Order, In re Apex Oil,* Def.'s App., Ex. D, at 5 (emphasis added).

While 11 U.S.C. § 524(e) (1988) provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt," Sentry has no such liability in this case. The entry at issue had not been liquidated when MTI paid the entire amount Customs claimed as duty, a payment Customs acknowledged fully satisfied the duty owed under the entry, and interest had never accrued. Thus, because the principal paid all sums legally due the United States, the surety's obligation under the Bond terminated.

## Conclusion

Customs has not demonstrated that it was due any unpaid duty amount from Sentry. Consequently, in accordance with the foregoing opinion, this case is dismissed.

### *JUDGMENT*

This case having been duly submitted for a decision and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

ORDERED that plaintiff's motion for summary judgment is denied in all respects; and it is further

---

1. While 19 C.F.R. § 159.11 (1988) provides that an entry not liquidated within one year from the date of entry is deemed liquidated at the rate of duty, value, quantity and amount of duties asserted by the importer at the time of filing an entry, this provision explicitly excludes vessel repair entries.

ORDERED that defendant's motion for summary judgment is granted; and it is further

ORDERED that this case is dismissed.