SALTZMAN PRINTERS, INC., Plaintiff-Appellant, v. GUNTHORP-WAR-REN PRINTING COMPANY, Defendant-Appellee.

First District (5th Division)   No. 1—88—0588

Opinion filed December 8, 1989.

Alan R. Borlack, of Gordon & Glickson, P.C., of Chicago, for appellant.

H. Barringer Pusch and Kenneth N. Adamson, both of Kelly, Olson, Pusch, Rogan & Siepker, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Saltzman Printers, Inc., appeals from an order granting summary judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) in favor of defendant, Gunthorp-Warren Printing Co. We address the issue of whether the order was final and appealable, and we dismiss the appeal for lack of jurisdiction.

Plaintiff filed a petition to vacate an arbitration award pursuant to section 12 of the Uniform Arbitration Act (Ill. Rev. Stat. 1987, ch. 10, par. 112), which stated the following. Defendant filed a complaint against plaintiff alleging that plaintiff did not pay for certain printing work defendant had completed. Plaintiff claimed the work was defective and filed a counterclaim against defendant for lost profits. Plaintiff and defendant submitted their respective claims against each other to binding arbitration with the Printing Industry of Illinois Commercial Board of Arbitrators (Board).

The rules of the Board provided that if a party was represented by an attorney at the arbitration hearing, the Board charged a $700-per-day fee plus expenses for its own legal counsel. To avoid the fee, plaintiff agreed to proceed without an attorney.

At the hearing, the parties were informed that one of the arbitrators, Stanley Kukla, was unable to attend and that an employee of Kukla's company, Wayne Obermiller, would substitute. The parties

signed a "Submission to Arbitration" which listed Obermiller as one of the arbitrators and indicated that the parties approved of the arbitrators. David Rallo, the Board's attorney, was present at the hearing, and plaintiff alleged that on Rallo's advice, the arbitrators refused to hear plaintiff's counterclaim for lost profits. Plaintiff did not present evidence on that issue. Kukla arrived midway through the hearing, and plaintiff alleged he participated in the hearing. Plaintiff further alleged that both Kukla and Rallo participated in the arbitrators' deliberations.

The arbitrators found in favor of defendant and stated that plaintiff must pay defendant $22,185, which was $3,000 less than defendant's invoice for the work involved.

In the petition to vacate the award, plaintiff claimed that it was denied the right to counsel, that evidence of its claim for lost profits was improperly excluded, and that Kukla and Rallo improperly participated in the proceedings.

Defendant filed an answer to the petition, raising as an affirmative defense plaintiff's failure to make a timely objection to any alleged impropriety that occurred in the arbitration hearing. Defendant alleged that plaintiff did not raise any objection to the hearing until after the arbitrators handed down their award against plaintiff.

Both plaintiff and defendant moved for summary judgment on the petition. Plaintiff requested that the court vacate the arbitration award, and defendant requested that the court confirm the award.

The trial judge granted defendant's motion for summary judgment, finding that plaintiff waived any impropriety that may have occurred in the arbitration hearing. The issue of plaintiff's claim for lost profits was remanded to the arbitration panel for a determination as to whether the reduction of the award by $3,000 was a finding on plaintiff's claim for lost profits. Although it is apparent from the record that the trial judge issued a written opinion elaborating his findings, the opinion was not included in the record on appeal. Also not included in the record was the transcript of proceedings for the day the motions were argued. The judge entered an order denying plaintiff's motion for summary judgment, granting defendant's motion for summary judgment, and remanding the issue of plaintiff's claim for lost profits to the arbitration panel. Plaintiff appeals from that order.

OPINION

■■ ■ The Uniform Arbitration Act provides that "[a]ppeals may be taken in the same manner, upon the same terms, and with like effect as in civil cases." (Ill. Rev. Stat. 1987, ch. 10, par. 118.) Illinois Supreme Court Rule 304(a) provides:

"(a) Judgments As To Fewer Than All Parties or Claims—Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (107 Ill. 2d R. 304(a).)

The failure to include Rule 304(a) language in an otherwise final order involving multiple claims or parties will result in the dismissal of an appeal from that order. (*First National Bank v. Lewis* (1987), 163 Ill. App. 3d 160, 516 N.E.2d 552.) The purpose of Rule 304(a) is to "discourage piecemeal litigation." *First National Bank*, 163 Ill. App. 3d at 161, 516 N.E.2d at 552.

Defendant has moved this court to dismiss the appeal because the case involved multiple issues and the trial judge did not make a finding pursuant to Rule 304(a). Defendant contends there were two issues involved, namely, defendant's complaint against plaintiff for the unpaid bill and plaintiff's counterclaim against defendant for lost profits. Because plaintiff's claim for lost profits was remanded to the arbitration panel, defendant argues an issue remains pending and a Rule 304(a) finding was required.

Plaintiff argues that Rule 304(a) is inapplicable because the lost profits issue was not pending before the circuit court. Initially, we note that Rule 304(a) does not contain such restrictive language as requiring the issue to be pending before the circuit court. Rather, the rule provides generally that a finding must be made when multiple issues are involved in an action and a final judgment is entered on less than all of those issues. Also, the Uniform Arbitration Act provides that appeals may be taken in the same manner and on the same terms as other civil cases (Ill. Rev. Stat. 1987, ch. 10, par. 118), and therefore, Rule 304(a) is applicable to arbitration cases.

For its argument, plaintiff relies on *Board of Trustees v. Cook County College Teachers Union, Local 1600* (1981), 96 Ill. App. 3d 913, 422 N.E.2d 115, where the trial court remanded a case to arbitration and the appellate court considered the appeal. Plaintiff argues that because the appellate court in *Board of Trustees* considered the appeal, it had jurisdiction to hear the appeal despite the remand and, therefore,

this court has jurisdiction to hear plaintiff's appeal. However, *Board of Trustees* presented a different situation from the case at bar. There, the trial court remanded the entire case to arbitration, and as a result, there was no Rule 304(a) issue presented. Here, only one issue was remanded to the arbitration panel, and therefore, we must determine whether a Rule 304(a) finding was required before plaintiff could appeal.

Although our research has not disclosed an Illinois case directly on point, the United States Court of Appeals for the Seventh Circuit has considered a similar issue. (*Shearson Loeb Rhoades, Inc. v. Much* (7th Cir. 1985), 754 F.2d 773.) In *Shearson*, the district court enforced an arbitration award on the issue of liability but remanded the case to the arbitrator to recalculate damages. On appeal, the court addressed the jurisdictional question of whether an order vacating and remanding the damages portion of an arbitration award was final. The appellate court dismissed the appeal for lack of jurisdiction, finding that remanding part of the case to arbitration could render certain issues moot or raise additional issues and, therefore, the order was not final.

Additionally, the present case is analogous to the situation presented in *Deerfield Management Co. v. Ohio Farmers Insurance Co.* (1988), 174 Ill. App. 3d 837, 529 N.E.2d 243, where a final judgment was entered on a counterclaim but the complaint remained pending. Without a Rule 304(a) finding, the appeal from that judgment was dismissed.

■ Rule 304(a) was intended to prevent piecemeal appeals. In the present case, the arbitration award on defendant's claim against plaintiff was effectively confirmed by the grant of summary judgment in defendant's favor. The trial judge's order granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment finally disposed of the issues on defendant's complaint against plaintiff. (See *Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314.) However, the order also remanded the issue of plaintiff's counterclaim for lost profits to the arbitration panel to determine whether the reduction of the award by $3,000 was a finding on plaintiff's claim for lost profits. That issue remained pending but the parties did not request a Rule 304(a) finding. Whatever the determination of the arbitrators on remand, the parties may again seek review of the award at a later date. This situation is what Rule 304(a) was intended to prevent.

Appeal dismissed.

MURRAY, P.J., and PINCHAM, J., concur.