GERIK RAGLIN, a Minor, by Jasper Raglin, *et al.*, his Parents and Next Friends, *et al.*, Plaintiffs-Appellants, v. HMO ILLINOIS, INC., *et al.*, Defendants-Appellees (Pronger-Smith Medical Association *et al.*, Defendants).

First District (5th Division) No. 1—90—0806

Opinion filed July 19, 1991.

Hayes & Power, of Chicago (Larry R. Rogers, of counsel), for appellants.

G. Christian Kronberg, of Kirkland & Ellis, of Chicago, for appellees.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs, Gerik Raglin, Jasper Raglin, and Gwendolyn Raglin, appeal from the entry of summary judgment in favor of defendants, HMO Illinois, Inc., Health Assurance Plan, Blue Cross & Blue Shield Association, and Health Care Service Corporation. We consider whether this court has jurisdiction over plaintiffs' appeal under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) when the order appealed from did not include a finding that there was no just reason to delay enforcement or appeal. For the following reasons, we dismiss the appeal for lack of jurisdiction.

Plaintiffs filed a medical malpractice complaint, as amended, against two groups of defendants: (1) the doctors who provided medical care, Pronger-Smith Medical Association, Alfonso Mejia, M.D., Mario Irigoyen, M.D., and Jose I. Manglano, M.D. (defendant doctors); and (2) the health care maintenance organization plaintiffs belonged to and its related entities, HMO Illinois, Inc., Health Assurance Plan, Blue Cross & Blue Shield Association, and Health Care

Service Corporation (defendant HMOs). All of the defendants filed appearances and answered the complaint.

The defendant HMOs moved for summary judgment which was granted on February 22, 1990. Although the defendant doctors were still parties in the action, plaintiffs did not move for a Rule 304(a) finding and none was entered. Plaintiffs filed a timely notice of appeal from the February 22 order.

OPINION

Although the parties did not raise the issue, this court must consider whether it has jurisdiction over plaintiffs' appeal. (*Servio v. Paul Roberts Auto Sales, Inc.* (1991), 211 Ill. App. 3d 751, 570 N.E.2d 662.) Plaintiffs assert in their appellate brief that jurisdiction is proper under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

Rule 304(a) provides that in cases involving multiple parties or claims, an appeal may be taken from a final judgment which disposes of fewer than all of the parties or claims if the judge makes an express finding that there is no just reason to delay enforcement or appeal. Without a Rule 304(a) finding, a final judgment that disposes of fewer than all of the parties or claims is not enforceable or appealable until a judgment is entered disposing of all of the parties and claims. (134 Ill. 2d R. 304(a).) An order granting summary judgment in favor of fewer than all of the parties in a case requires a Rule 304(a) finding before it can be appealed. (See *Diggs v. Suburban Medical Center* (1989), 191 Ill. App. 3d 828, 548 N.E.2d 373.) An appeal from an order without a required Rule 304(a) finding must be dismissed for lack of jurisdiction. *Saltzman Printers, Inc. v. Gunthorp-Warren Printing Co.* (1989), 192 Ill. App. 3d 130, 548 N.E.2d 585.

In this case, plaintiffs appealed from an order entered February 22, 1990, granting the defendant HMOs summary judgment in their favor. At that time, the defendant doctors were still parties in the action. The February 22 order disposed of fewer than all of the parties in the case and, as a result, a Rule 304(a) finding was necessary before plaintiffs could appeal from that order. Because a Rule 304(a) finding was not made, the February 22 order was not yet appealable and this court does not have jurisdiction over plaintiffs' appeal.

Appeal dismissed.

GORDON and McNULTY, JJ., concur.