Richard A. KLIEFOTH, Individually, and Richard A. Kliefoth, Personal Representative of the Estate of Marian W. Kliefoth, Plaintiffs/Respondents,

v.

Clifford FIELDS and Thomson McKinnon Securities, Inc., Defendants/Appellants.

No. 60742.

Missouri Court of Appeals, Eastern District, Division Four.

April 14, 1992.

Herzog, Crebs & McGhee, Terence Crebs, Craig A. Newman, St. Louis, for defendants-appellants.

McMullin & McMullin, Charles J. McMullin, St. Louis, for plaintiffs-respondents.

AHRENS, Judge.

Defendants Clifford Fields ("Fields") and Thomson McKinnon Securities, Inc. ("Thomson McKinnon") appeal from an order of the St. Louis City Circuit Court ("trial court") entering judgment against defendants and in favor of plaintiffs Richard A. Kliefoth, individually, and Richard A. Kliefoth as personal representative of the estate of Marian W. Kliefoth ("plaintiffs"). Appeals dismissed.

Subsequent to the filing of plaintiffs' action, the trial court ordered the claims submitted to arbitration, as provided in the parties' contract. Arbitration hearings were held before the National Association of Securities Dealers ("NASD"). Prior to the issuance of an arbitration award, however, Thomson McKinnon filed Chapter 11 reorganization proceedings in the United States Bankruptcy Court, and an automatic stay issued pursuant to 11 U.S.C. § 362(a).

Plaintiffs moved for partial relief from the automatic stay, under 11 U.S.C. § 362(d). On May 16, 1990, the bankruptcy court ordered the automatic stay "modified

to the extent necessary to allow a decision and award to be issued by the [NASD], Arbitration No. 88–01096 (the 'Arbitration')." The bankruptcy court further ordered, "this Order shall not permit any other action with respect to the Arbitration, including, without limitation, the execution on a judgment against the Debtor in the Arbitration."

The arbitrators' award was certified on June 29, 1990. On plaintiffs' motion to register the arbitrators' "judgment" and "enter the same as the final judgment," the trial court ordered on September 21, 1990, that the arbitrators' award "constitutes a final judgment as to defendant Fields." With regard to Thomson McKinnon, the trial court ordered, "That by reason of the said bankruptcy proceedings the said award as to Thomson McKinnon Securities, Inc.[,] is filed of record herein with the execution and collection thereon to be determined by said bankruptcy court, or further Order of this court." The trial court denied Fields' motion to vacate or amend the judgment on December 21, 1990.

On December 31, 1990, Fields appealed from the September 21, 1990, order and the December 21, 1990, denial of his motion. Plaintiffs filed a motion in this court to dismiss that appeal. Prior to a ruling on that motion, plaintiffs obtained issuance of an execution and garnishment against Fields' employer. At a hearing on Fields' motion to quash the garnishment and plaintiffs' motion to strike Fields' motion, the trial court on March 5, 1991, granted plaintiffs' motion to strike and ordered "that [plaintiffs'] judgment against [defendant] Fields is final for Execution purposes."

On April 16, 1991, Fields filed a motion in this court to dismiss his appeal without prejudice for lack of a final judgment. On May 3, 1991, this court granted Fields' motion and denied plaintiffs' prior motion to dismiss the appeal. This court's mandate was filed with the trial court on May 13, 1991.

On July 2, 1991, the trial court sustained Fields' objections to the pay-out of garnishment proceeds for the reason there was no final judgment. On July 19, 1991, the trial court heard arguments on plaintiffs' motion to amend the trial court's September 21, 1990, order regarding registration of the arbitration award. Following that hearing, the trial court ordered that the NASD arbitration award "constitutes a final judgment as to both defendant Fields and co-defendant Thomson McKinnon ... and is so registered and entered herein. It is further provided that as to Thomson McKinnon ..., the execution and collection thereon is to be determined by said bankruptcy court, or further order of this court."

Fields and Thomson McKinnon timely filed a notice of appeal from the trial court's order. On November 13, 1991, this court granted defendants' motion to stay the appeal as to Thomson McKinnon, only.

Fields raises two points. He first contends the trial court erred in entering judgment on the purported NASD arbitration award, because no valid award was entered by the NASD arbitration panel. We do not reach this point, since our ruling on Fields' second point is dispositive.

Fields' second point asserts the trial court erred in entering its July 19, 1991, order which amended its September 21, 1990, order to include Thomson McKinnon "thereby rendering final judgment against both defendants, because the entry of the July 19, 1991[,] order violated the automatic stay provisions ... and the [bankruptcy court's order] granting partial relief from the stay." We agree.

■ Plaintiffs contend Fields does not have standing to challenge the judgment against Thomson McKinnon. Plaintiffs' contention is without merit. We find Fields has standing because the validity of the judgment as to Thomson McKinnon affects whether there is a final judgment as to Fields. Rule 74.01(b).

■ The automatic stay pursuant to 11 U.S.C. § 362(a) became effective upon the filing of Thomson McKinnon's chapter 11 petition in bankruptcy court. *See In re Blobaum,* 34 B.R. 962, 963 (Bankr.W.D.Mo. 1983). The stay applied to the "... continuance ... of a judicial ... proceeding

against the debtor that was ... commenced before the commencement of ..." the bankruptcy proceeding. The bankruptcy court's May 16, 1990, order granting plaintiffs limited relief from the automatic stay pursuant to 11 U.S.C. § 362(d) specifically modified the automatic stay only to allow an award to be issued in the arbitration proceedings. It did not grant any relief from the stay as to the underlying lawsuit pending in the trial court.

The thrust of plaintiffs' argument seems to be that the granting of relief from the automatic stay to allow the issuance of an arbitration award also permitted a judgment to be entered in the trial court, and the arbitration award was tantamount to a judgment. This ignores § 435.400 RSMo 1986, which provides for confirmation of an arbitration award by the court, and § 435.-415 RSMo 1986, which provides that "[u]pon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree." This statutory procedure distinguishes an arbitration award from a judgment rendered by a court of law.

Plaintiffs also argue the July 19, 1991, order as to Thomson McKinnon does not violate the automatic stay, because the trial court provided that execution and collection were to be determined by the bankruptcy court or further order of the trial court. We disagree. The automatic stay is designed to protect the debtor from judgments and the consequences thereof, such as the attachment of a judgment lien to the debtor's property. Further, "[t]he purposes of the automatic stay ... are to provide a debtor a breathing spell and prevent harassment and frustration of rehabilitation efforts through pursuit by creditors and to assemble all the creditors and their claims into the Bankruptcy Court for a single organized proceeding." *Matter of Kozak Farms, Inc.,* 47 B.R. 399, 402 (W.D.Mo.1985). The automatic stay provision is to be read broadly to protect assets of the bankruptcy estate from indiscriminate attacks by creditors. *In re Blobaum,* 34 B.R. at 963. Actions taken subsequent to a debtor filing a petition in bankruptcy

court which have been invalidated for violation of the automatic stay include: filing a lawsuit against debtor, *Fields v. Demint,* 107 B.R. 194 (W.D.Mo.1989); U.S. Customs Service's liquidation of its claims against debtor, *In re Apex Oil Co.,* 131 B.R. 712 (E.D.Mo.1991) and recording a warranty deed in lieu of foreclosure, *In re Sapp,* 91 B.R. 520 (Bankr.E.D.Mo.1988). Accordingly, under the automatic stay, the trial court was in the first instance enjoined from entering judgment against Thomson McKinnon.

We hold the trial court's July 19, 1991, judgment as to Thomson McKinnon violates the bankruptcy court's automatic stay and is, therefore, void. 11 U.S.C. § 362(a).

■ Rule 74.01(b) explicitly provides the trial court may enter judgment upon multiple claims or involving multiple parties "as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." That rule also states: "In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 74.01(b).

Since the purported judgment against Thomson McKinnon is void, the July 19, 1991, order cannot constitute a final, appealable judgment against Fields since there has been no "express determination that there is no just reason for delay." Rule 74.01(b). To be final and appealable, a judgment "must dispose of all parties and all issues in the case, leaving nothing for future determination." *Around the World Imports v. Mercantile Trust Co. Nat'l Ass'n,* 771 S.W.2d 919, 922 (Mo.App.1989).

■ In their brief, plaintiffs acknowledge as part of their argument for dismissal of the appeal that under Rule 74.01 an appeal is not permitted because the trial court's orders did not use the words "no just reason for delay." Plaintiffs contend,

however, that the arbitrators' award and the trial court's orders are nevertheless final for execution purposes. We disagree. Enforcement of a judgment by execution supposes a judgment not merely interlocutory, but final. *State ex rel. Turner v. Sloan*, 595 S.W.2d 778, 780 (Mo.App.1980). In the absence of the express determination required by Rule 74.01(b), the order with regard to Fields "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 74.01(b).

On remand, plaintiffs can either seek additional modification of the automatic stay in the bankruptcy court to permit a judgment to be entered in the trial court against Thomson McKinnon, or plaintiffs can request the trial court to consider entering a judgment against Fields alone upon an express determination that there is no just reason for delay under Rule 74.-01(b).

The appeals of Fields and Thomson McKinnon are dismissed without prejudice and the case is remanded to the trial court.[1] Plaintiffs' motion to dismiss Fields' appeal is denied as moot.

KAROHL and SMITH, JJ., concur.

---

1. In light of our holding that the order entering judgment against Thomson McKinnon is void, we also dismiss the appeal of Thomson McKinnon.