MLJ INVESTMENTS, INC., Respondent,

v.

James I. REID and James
S. Reid, Appellants.

No. 65401.

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1994.

E. Darrell Davis, St. Charles, for appellants.

Frederick W. Drakesmith, St. Charles, for respondent.

CRIST, Judge.

Appellant–Defendants, James I. Reid and James S. Reid, appeal from the denial of their Petition to Stay and/or Quash Execution after Respondent–Plaintiff, MLJ Investments, Inc. (MLJ), filed a garnishment against two bank accounts of the Reids. We reverse and remand.

The underlying facts of this appeal begin with MLJ filing suit on January 30, 1990, against the Reids for enforcement of a mechanic's lien. In its petition, MLJ alleged the Reids had hired it on November 29, 1987, to perform construction and development of the Old Town Square—Phase II, located at 820 South Main Street in St. Charles, Missouri. MLJ further alleged it had performed work, furnishing materials and labor worth $970,213.86, but the Reids had only paid $822,302.26, leaving a balance of $147,911.60 unpaid. MLJ requested judgment of $147,911.60, plus interest, costs and reasonable attorney's fees.

On January 28, 1991, MLJ filed a Demand for Arbitration with the American Arbitration Association. On February 5, 1991, the Reids filed with the circuit court a motion for an order staying arbitration. On that same date, the Reids filed a motion for leave to file their answer and counterclaim out of time. Attached to this motion were the answer and counterclaim the Reids wished to file. The counterclaim against MLJ was "Conspiracy to Defraud," in which the Reids alleged MLJ had fraudulently submitted to them draw requests, which were paid, for work that was never actually performed. The Reids further alleged MLJ and some of its sub-contractors had agreed to and did engage in a course of conduct where the sub-contractors would submit billing for work not completed or for work never performed and had engaged in "kick-backs." The Reids alleged they had been damaged in the amount of $15,000 and also requested $250,000 in punitive damages. The trial court never ruled on the motion. Instead, the trial court granted MLJ's mo-

tion to compel the Reids to arbitrate MLJ's claim.

For approximately one year, the parties apparently conducted arbitration proceedings. On March 24, 1992, MLJ filed its "Motion to Register Arbitration Award." Attached to the motion was the award of the arbitrator, who found the Reids should pay MLJ $14,916.59, plus 7.5 percent interest, for a total award of $16,035.33.

On March 27, 1992, the Reids filed a notice, indicating their plan to call up for hearing their prior motion of February 5, 1991, for leave to file answer and counterclaim. On July 9, 1992, the Reids filed a second motion for leave to file a counterclaim against MLJ and an additional third-party claim against Mark J. Michael, the president of MLJ.

On July 24, 1992, the trial court entered the following order:

> Cause called; Plaintiff and Defendants appear by counsel; the Court considers Plaintiff's Motion to Register Arbitration Award and sustains said motion; judgment is rendered against the Defendants in the sum of Sixteen Thousand thirty five dollars and 33/100 ($16,035.33) with lawful interest of 9% to run on such amount from January 24, 1992 and continuing hereafter.

On October 26, 1992, the trial court then granted the Reids' motion to file their counterclaim and third-party claim, holding:

> The Court having now duly considered the same finds that on February 5, 1991, the Defendants [Reids] filed their Motion for Leave to file said motions prior to Plaintiff's [MLJ] Motion Compelling Arbitration; that the parties appear to have reserved the ruling on said motion until after the entry of the Arbitration Award as a judgment; that since this is a discretionary matter with the Court, justice requires that the parties have the right to have all claims resolved.

On June 24, 1993, MLJ filed a Request and Order for Execution Garnishment or Sequestration in which it requested a levy of execution issue for $17,378.25 on any and all bank accounts at Magna Bank in the name of the Reids. MLJ listed as the basis for execution the judgment of the trial court confirming the arbitration award on July 24, 1992.

On July 2, 1993, the Reids filed a petition to stay and/or quash execution, contending execution and garnishment could not issue because the confirmation of the arbitration award was not a final and appealable judgment where the Reids' counterclaim and third-party claim were still pending in the case. On January 6, 1994, the trial court summarily denied the petition to stay and/or quash execution.

■ In their sole point on appeal, the Reids dispute the denial of their petition to stay and/or quash execution. They contend the order issued on July 24, 1992, confirming the arbitration award, does not constitute a final, appealable judgment which will sustain an execution by garnishment because that order did not dispose of all pending claims of the parties and did not expressly determine "no just reason for delay" as required by Rule 74.01(b).

Rule 74.01(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim ... the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims....

Here, the counterclaim and third-party claim of the Reids remains pending. In addition, in its order confirming the arbitration award, the trial court made no determination that "there is no just reason for delay."

MLJ contends the judgment confirming the arbitration award is a final, appealable judgment pursuant to § 435.440 of the Uniform Arbitration Act (UAA). Section 435.-440 provides an appeal may be taken from, *inter alia*, an order confirming an arbitration

award and a "judgment or decree entered pursuant to the provisions of sections 435.350 to 435.470." § 435.440.1(3) & (6).

In reliance upon its contention, MLJ points to cases such as *Madden v. Ellspermann*, 813 S.W.2d 51 (Mo.App.1991), and *McClellan v. Barrath Const. Co., Inc.*, 725 S.W.2d 656 (Mo.App.1987), indicating such orders are final and appealable. In *Madden*, the Western District addressed the appealability of the denial of one defendant's motion to order arbitration. The plaintiff contended § 512.020, RSMo 1986, barred his appeal because the order refusing to submit the claim to arbitration was not a final judgment, even though § 435.440 appeared to allow immediate appeal. The appellate court, recognizing a conflict between § 435.440 and § 512.020, held:

> Section 512.020 deals with appeals in a general way but § 435.440 deals specifically with an appeal from an order denying an application to compel arbitration. In that instance the special statute allowing an appeal from an order denying arbitration will prevail and the order denying arbitration in this case is appealable.

*Id.* at 53[2].

In *McClellan*, 725 S.W.2d at 656, the plaintiff attempted to appeal from the trial court's order sustaining the defendant's motion to compel arbitration. This court dismissed the appeal, finding an order compelling arbitration is not a final, appealable judgment pursuant to § 512.020 because it did not dispose of all parties and issues in the case. *Id.* at 658[2]. The court based its decision in part on the fact an order compelling arbitration is not appealable under § 435.440 of the UAA. *Id.* The court stated:

> We believe the various orders denoted by the legislature as appealable under § 435.440 partake of such finality as to constitute final orders or judgments....

*Id.*; *See also, Western Waterproofing Co. v. Lindenwood Colleges*, 662 S.W.2d 288, 289 (Mo.App.1983) (trial court's confirmation of arbitration award is a final, appealable judgment under § 435.440.1(3)).

However, none of the above cases involved the specific situation identified in Rule 74.-01(b) regarding multiple claims. The central issue is whether the trial court is still required to certify "there is no just reason for delay" under Rule 74.01(b) even though § 435.440 appears to establish an order and judgment confirming the arbitration award is final and appealable. We find it is so required.

In *Kliefoth v. Fields*, 828 S.W.2d 714 (Mo. App.1992), the plaintiff sued two defendants in a securities related matter. Both cases were submitted to arbitration. However, before the arbitration award could be issued, one of the defendants filed for bankruptcy and an automatic stay issued. In partial relief, the bankruptcy court modified the stay to allow the arbitration award to be issued by the National Association of Securities Dealers. After the award was issued, however, the trial court registered the arbitration award as a final judgment against both defendants. The appellate court found registering the award against the defendant in bankruptcy violated the automatic stay. *Id.* at 716[2]. Therefore, the second defendant could not appeal from the judgment confirming the arbitration award because claims remained pending in the case and the trial court had made no determination "there is no just reason for delay" pursuant to Rule 74.-01(b). *Id.* at 716[3].

■ *Kliefoth* is dispositive of the issue before us. Where claims remain pending in multiple claim litigation, the court may enter a judgment to confirm arbitration as to one or more but fewer than all of the claims only upon an express determination that "there is no just reason for delay." In the absence of this determination, the judgment entered confirming the arbitration award, while otherwise a final judgment, is not a final, appealable judgment. *Id.*; *See also, Saltzman Printers v. Gunthorp–Warren*, 192 Ill.App.3d 130, 139 Ill.Dec. 200, 202–03, 548 N.E.2d 585, 587–88[2, 3] (1989) (rule requiring special finding for appeal from judgments on fewer than all claims applies to arbitration cases). *Contra, Judd Const. Co. v. Evans Joint Venture*, 642 P.2d 922, 926[5] (Colo.1982) (judgment could be entered confirming arbitration award under UAA without 54(b) certification before resolution of cross-claims in consoli-

dated action); *Maine Cent. R. Co. v. Bangor & Aroostook R. Co.*, 395 A.2d 1107, 1115–16[10] (Me.1978) (rule governing judgment upon multiple claims does not override specific provisions of UAA providing for an appeal from order confirming arbitration award).

This finding is buttressed by other provisions of the UAA. The UAA specifically provides the appeal should be taken "in the manner and to the same extent" as civil orders or judgments. § 435.440.2. In addition, § 435.415 of the UAA establishes:

Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced *as any other judgment or decree.* (Emphasis added.)

Therefore, the trial court erred in denying the Reids' petition to stay and/or quash execution. Execution cannot issue unless the judgment is final and appealable. *Kliefoth,* 828 S.W.2d at 717[4].

We reverse and remand with instructions that the trial court enter an order quashing execution.

CRANDALL, P.J., and REINHARD, J., concur.