**BELLON WRECKING & SALVAGE COMPANY, Respondent,**

v.

**DAVID ORF, INC. d/b/a Orf Construction and Safeco Insurance Company of America, Appellants.**

**David Orf, Inc. d/b/a Orf Construction and Safeco Insurance Company Of America, Appellants.**

v.

**Bellon Wrecking & Salvage Company, Respondent.**

**David Orf, Inc. d/b/a Orf Construction and Safeco Insurance Company Of America, Appellants.**

v.

**Bellon Wrecking & Salvage Company, Respondent.**

No. 72838.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 13, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 28, 1998.

Application for Transfer Denied Feb. 23, 1999.

Michael A. Clithero, Eric D. Martin, Peper, Martin, Jensen, Maichl and Hetlage, St. Louis, for appellants.

Thomas A. Connelly, Michael J. Angelides, St. Louis, for respondent.

RICHARD B. TEITELMAN, Judge.

This is a consolidated appeal from three separate trial court proceedings involving the same parties and a common nucleus of operative facts. David Orf, Inc. d/b/a Orf Construction ("Orf") and Safeco Insurance Company of America ("Safeco") appeal a January 6, 1998 judgment confirming an arbitration award in favor of Bellon Wrecking & Salvage Company ("Bellon") entered in the Circuit Court of St. Louis County by the Honorable Robert L. Campbell. That judgment corrected a December 23, 1996 order pursuant to our decision in *Bellon Wrecking & Salvage Co., Inc. v. Dave Orf, Inc. d/b/a Orf Construction and Safeco Insurance*, 956 S.W.2d 437 (Mo.App. E.D.1997). Orf and Safeco next appeal a June 6, 1997 judgment entered in the Circuit Court of St. Louis County by the Honorable Patrick Clifford that also confirmed the arbitration award and a November 19, 1997 judgment entered in the Circuit Court of St. Louis City by the Honorable

Julian L. Bush granting summary judgment dismissing the case on *res judicata* grounds.

We affirm in part, reverse and remand in part and dismiss in part.

### Background

#### 1. County I

Bellon instituted suit against Orf, Sverdrup Associates, Inc. ("Sverdrup"), Washington University and Safeco in October, 1993 in the Circuit Court of St. Louis County before the Honorable Robert L. Campbell ("County I") seeking a mechanic's lien and monetary relief allegedly due as the result of certain labor and materials Bellon provided at a construction project. The defendants filed a motion to stay the case pending arbitration pursuant to the arbitration clause agreement between the parties and the trial court subsequently granted the motion. The parties mediated their disputes. The dispute between Orf and Sverdrup was settled. However, mediation failed with respect to Bellon, Orf and Safeco, and they proceeded, in the City of St. Louis, to arbitration.

In October, 1996, the trial court gave notice that the action would be dismissed for failure to prosecute. Judge Campbell dismissed the case on November 20, 1996. On November 21, 1996, the arbitrator forwarded his award in favor of Bellon to the American Arbitration Association. Subsequently, the Association forwarded the award to the parties.

On December 19, 1996, Bellon filed a Motion to Set Aside Dismissal and Motion for Judgment Upon Arbitration Award, and also set and noticed hearing on the motions. Four days later, without a hearing, Judge Campbell entered his order granting the motion to set aside dismissal and entering judgment on the arbitration award.

Orf and Safeco appealed the December 23, 1996 order on the grounds that, *inter alia* (1) the trial court lost jurisdiction over its November 20, 1996 dismissal on December 20, and its order of December 23, 1996 was entered without jurisdiction; (2) the trial court erred in failing to conduct a hearing prior to setting aside its order of dismissal even if it retained jurisdiction; and (3) the

trial court erred in entering judgment on the arbitration award prior to the expiration of ninety days to allow respondent to apply to vacate the award or to modify and correct the award (hereinafter, the first appeal will be referred to as *"Orf I"*). This Court, following argument in *Orf I*, dismissed *Orf I* for lack of jurisdiction on November 25, 1997, holding that the trial court's order was not a final judgment in that it failed to dispose of all the issues as to all of the parties and also failed to find that "there is no just reason for delay" as required by Rule 74.01(b). See, *Bellon Wrecking & Salvage Co., Inc. v. Dave Orf, Inc. d/b/a Orf Construction and Safeco Insurance*, 956 S.W.2d 437 (Mo.App. E.D. 1997). On remand, Judge Campbell amended his order by interlineation to dispose of all of the remaining defendants, entitling his action as "final judgment" on January 6, 1998.

On March 10, 1997, Bellon filed a garnishment against Orf in the amount of the judgment of December 23, 1996 plus interest. The trial court entered a "Pay in Judgment" directing Commerce Bank to transfer the funds into the court registry and on April 17, 1997, the trial court ordered the transfer of that amount, $82,951.00, to Bellon. After this Court's decision in *Orf I*, Orf and Safeco filed a Motion to Set Aside Garnishment. The trial court subsequently denied the motion.

Orf and Safeco appeal the order of December 23, 1996 (as amended on January 6, 1998) setting aside the dismissal and entering judgment on the arbitration award. They also appeal the trial court's denial of the Motion to Set Aside Garnishment. Orf and Safeco argue that the trial court erred in: (1) setting aside the previous dismissal and entering judgment on the arbitration award because it had lost jurisdiction over the case thirty days after entry of the order of dis-

missal; (2) setting aside the previous dismissal without a hearing as required by Rule 75.01; (3) entering judgment on the arbitration award without allowing Orf and Safeco ninety days in which to challenge an arbitrator's award, as provided by Sections 435.405.2 and 435.410 RSMo Cum.Supp. (1996); (4) entering judgment on the arbitration award because Bellon failed to serve Orf and Safeco as required by Section 435.425 RSMo Cum.Supp. (1996); (5) entering judgment on the arbitration award because venue was proper in St. Louis City rather than St. Louis County; and (6) denying Orf and Safeco's Motion to Set Aside Garnishment because the "judgment" upon which the garnishment was entered was not valid or final.

### 2. County II [1]

Orf and Safeco filed two suits seeking to vacate, modify or correct the arbitration award, one in St. Louis City on February 19, 1997 (the "St. Louis City Action") before the Honorable Julian L. Bush, and the other in St. Louis County on February 25, 1997 ("County II") before the Honorable Patrick Clifford.[2] These suits were filed after Judge Campbell had set aside his dismissal and confirmed the arbitration award and also after Orf and Safeco had filed their first appeal of that decision. Orf and Safeco challenged the arbitration award, arguing that the arbitrator had not conducted the arbitration proceedings pursuant to statute and that he had exceeded his powers.

In County II, Bellon filed a counterclaim seeking confirmation of the arbitration award. Bellon filed a Motion for Summary Judgment on the Counterclaim, arguing that it was entitled to judgment against Orf and Safeco because the arbitration was binding, precedent wouldn't allow the court to look behind the award and examine the merits of

---

1. County II, although filed after the St. Louis City Action, will be discussed first because proceedings in the County II occurred months earlier than proceedings in the St. Louis City Action.

2. Orf and Safeco purported to file the same suit in both courts because of the venue issue. Pursuant to Section 435.435 RSMo 1994, venue for confirmation of an arbitration award is proper in the county where the arbitration was held. In

the case at bar, the arbitration was held in St. Louis City. However, County I was pending in St. Louis County before the arbitration occurred, and was stayed at Orf and Safeco's request, pending the arbitration. Therefore, while venue technically was proper in St. Louis City pursuant to the statute, Bellon has argued that Orf and Safeco waived venue when they stayed County I pending arbitration.

the case, Judge Campbell had already entered judgment in Bellon's favor in a prior proceeding and there was no genuine issue as to any material fact. Orf and Safeco filed a Motion to Dismiss the Counterclaim pursuant to Rule 55.27, arguing that Bellon had asserted the same claim that was pending between the parties for the same cause in County I, and the counterclaim was barred by the doctrine of abatement and the court lacked jurisdiction to hear it. Judge Clifford heard argument on Bellon's Motion for Summary Judgment on June 3, 1997 and granted summary judgment in favor of Bellon three days later in the amount of the arbitrator's award plus interest.

Orf and Safeco now appeal that judgment, arguing the trial court in County II erred in granting summary judgment in favor of Bellon and confirming the arbitration award because: (1) it had no jurisdiction over the case because Bellon's counterclaim involved the same parties, the same facts, the same issues and sought the same relief as County I then pending before the this Court (*Orf I* ); (2) it had no jurisdiction over the case because the action involved the same parties, same facts, same issues and sought the same relief as the prior action which was already pending before the Circuit Court of the City of St. Louis; and (3) there were genuine issues of material fact concerning the conduct of the arbitration proceedings and Bellon's entitlement to judgment on that arbitration award because the arbitrator denied Orf and Safeco the right of cross-examination and otherwise exceeded his powers.

### 3. St. Louis City Action

Orf and Safeco filed suit against Bellon in the St. Louis City Action on February 19, 1997. Bellon did not receive service of process in the St. Louis City Action until May 30, 1997 and subsequently filed an Answer and Counterclaim, again seeking confirmation of the arbitration award. Bellon also filed a Motion for Summary Judgment as to the claims asserted by Orf and Safeco on the grounds of *res judicata*, arguing that the purported summary judgment entered in County II on June 6, 1997, precluded trial court jurisdiction in the St. Louis City Action. Bellon subsequently filed a Motion for Summary Judgment as to its counterclaim seeking confirmation of the arbitration award.

■ Orf and Safeco filed a motion on August 29, 1997, to remove the case from its trial docket and stay the proceedings pending appeals in County I and County II. Orf and Safeco also filed a Motion to Dismiss Bellon's Counterclaim on doctrine of abatement grounds. They argued that Bellon had asserted the same claim for relief in County I, then pending in this Court, and in its counterclaim in County II.[3]

On November 19, 1997, Judge Bush entered a judgment that denied Orf and Safeco's motion to remove the case from the trial docket and to stay proceedings, granted summary judgment for Bellon thereby dismissing on *res judicata* grounds Orf and Safeco's claim seeking to vacate or modify the arbitration award, dismissed Bellon's counterclaim seeking to confirm the arbitration award, and determined that Bellon's Motion for Summary Judgment Upon Arbitration Award became moot upon dismissal of Bellon's counterclaim.

Orf and Safeco appeal the trial court's judgment, arguing the trial court erred in granting summary judgment in favor of Bellon because: (1) the purported judgment in County II did not bar Orf and Safeco's claims on the basis of *res judicata* because the court in County II lacked proper jurisdiction; and (2) there are genuine issues of material fact concerning the conduct of the arbitration proceedings and Bellon's entitlement to judgment upon that arbitration award because the arbitrator denied Orf and Safeco the

---

3. The doctrine of abatement provides that when two or more suits between the same parties concerning the same subject matter are pending within the courts of a state, the court having exclusive jurisdiction over the case is the court in which the case is first pending. An action becomes "pending" when a petition is first filed.

*State ex rel. Kincannon v. Schoenlaub,* 521 S.W.2d 391, 393 (Mo. banc 1975) (holding that under an amended Rule 53.01 the court where the suit was first filed has jurisdiction); *State ex rel. Kaufman v. Hodge,* 908 S.W.2d 137, 138 (Mo.App. E.D.1995).

right of cross-examination and otherwise exceeded his powers.

## Discussion

### 1. County I

Orf and Bellon now argue, for the second time on appeal, that the trial court erred when it set aside its previous judgment dismissing the case for failure to prosecute because: (1) it lost jurisdiction to amend the judgment thirty days after the judgment was entered; (2) it acted without conducting a hearing as required by Rule 75.01; and (3) it failed to give the parties ninety days to apply for vacation of the award or for modification and correction of the award pursuant to Sections 435.405.2 and 435.410 RSMo Cum.Supp. (1996).

The "law of the case" doctrine governs successive appeals involving the same issues and facts. *Oldaker v. Peters,* 869 S.W.2d 94, 97 (Mo.App. W.D.1993). "The general rule is that the decision of an appellate court is the law of the case on all points presented and decided and remains the law of the case throughout all subsequent proceedings, both in the trial and appellate courts, and no question involved and decided on the first appeal of the cause will be considered on a second appeal." *In re Marriage of Quintard,* 735 S.W.2d 388, 390 (Mo.App. S.D.1987); see also, *Oldaker v. Peters,* 869 S.W.2d at 97, citing *McClelland v. Ozenberger,* 841 S.W.2d 227, 231 (Mo.App. W.D.1992) (when appellate court enters judgment on first appeal, that decision becomes law of the case in subsequent proceedings in the same cause, precluding reexamination of issues decided in original appeal). Thus, any issues already determined by this Court in our earlier decision in *Orf I* will not be reexamined.

As previously stated, *Orf I* was dismissed for lack of jurisdiction. Therefore, no explicit adjudication occurred on the merits of the issues raised in that appeal. However, having held in *Orf I* that the judgment entered by the trial court was not a final judgment, this Court implicitly found that Judge Campbell had jurisdiction to set aside his dismissal for failure to prosecute and also to enter judgment on the arbitration award. *See,* e.g.

*Norris v. Bristow,* 361 Mo. 691, 236 S.W.2d 316, 319 (1951) (holding that all issues raised on a second appeal were either directly or inferentially decided in the first appeal, the questions presented constituted the law of the case in the second appeal). As we are governed by the law of the case, we will not reexamine the issues decided in *Orf I* concerning the trial court's jurisdiction.

Orf and Safeco next argue, in their fourth point on appeal with respect to County I, that the trial court erred in entering judgment on the arbitration award because Bellon failed to serve them in the same manner as a summons, as required by Missouri's arbitration act. The law of the case also governs this issue. A "former adjudication is not only the law of the case as to all questions directly raised and passed upon but it is also the law of the case as to matters which arose prior to the first appeal and which might have been raised thereon but which were not raised or presented." *Norris v. Bristow,* 236 S.W.2d at 319. In the case at bar, Orf and Safeco could have raised this issue in *Orf I* because it directly relates to an occurrence prior to the filing of the first appeal. However, Orf and Safeco have raised this issue for the first time in this appeal. This issue should have been raised in *Orf I,* and consequently will not be considered here.

In their fifth point on appeal Orf and Safeco argue that the trial court erred in entering judgment on the arbitration award because venue was proper in St. Louis City rather than St. Louis County.

"Venue refers to the situs in which a court of competent jurisdiction may adjudicate an action." *State ex rel. Elson v. Koehr,* 856 S.W.2d 57, 59 (Mo. banc 1993). In Missouri, venue is determined exclusively by statute. *State ex rel. Bunker Resource, Recycling & Reclamation, Inc. v. Dierker* 955 S.W.2d 931, 932 (Mo. banc 1997). "The primary purpose of Missouri's venue statutes is to provide a convenient, logical, and orderly forum for the resolution of disputes." *State ex rel. Elson v. Koehr,* 856 S.W.2d at 59.

Bellon first brought suit against Orf and Safeco in the Circuit Court of St. Louis

County. Venue was proper then in St. Louis County, and the issue was never raised before the trial court.[4] Venue is determined as the case stands when brought. *State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 823, (Mo. banc 1994). When the parties proceeded to arbitration pursuant to the arbitration clause in their agreement, Orf and Safeco filed a Motion to Stay Pending Arbitration and the trial court granted the motion. The arbitration occurred in the City of St. Louis.

■ Pursuant to Missouri's Arbitration Act, an application to the court for confirmation of an arbitration award "shall be made to the circuit court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held." Section 435.435 RSMo.1994. However, under Missouri law, "[s]tatutes fixing venue confer a mere personal privilege which may be waived by the party entitled to assert it." *Osage Homestead, Inc. v. City of New Florence*, 713 S.W.2d 51, 52 (Mo.App. E.D.1986), citing *Bizzell v. Kodner Development Corp.*, 700 S.W.2d 819 (Mo. banc 1985).

In the case at bar, Bellon did not bring a new action in St. Louis County Circuit Court requesting confirmation of the arbitration award. Rather, it returned to the court where the original action was filed and where venue had not been challenged. Further, Orf and Safeco implicitly acknowledged that they would return to St. Louis County Circuit Court after the completion of the arbitration when they filed their Motion to Stay Pending Arbitration. Accordingly, Orf and Safeco waived any objection to venue when they filed their Motion. Point denied.

■ In their final point in the appeal of County I, Orf and Safeco argue that the trial court erred in denying their Motion to Set Aside Garnishment because the "judgment"

upon which the garnishment was entered was not valid or final. We agree.

■ Garnishment in aid of execution is a statutory, legal proceeding and is merely an ancillary remedy to obtain payment of judgment. *Harrison v. Harrison*, 339 S.W.2d 509, 517 (Mo.App. St.Louis 1960). A valid judgment and valid execution are indispensable prerequisites to a valid garnishment. *Id.*, citing *Flynn v. Janssen*, 284 S.W.2d 421, 422 (Mo.1955); *Matter of Estate of Keathley*, 934 S.W.2d 611, 614 (Mo.App. E.D.1996). Where there is no underlying judgment in the case, there can be no valid execution and hence nothing to support a garnishment proceeding. *Flynn v. Janssen*, 284 S.W.2d at 422–23. Enforcement of a judgment by execution supposes that the judgment is not merely interlocutory, but final. *Kliefoth v. Fields*, 828 S.W.2d 714, 717 (Mo.App. E.D. 1992).

The case at bar is analogous to *MLJ Investments, Inc. v. Reid*, 877 S.W.2d 221 (Mo. App. E.D.1994). *Reid* also involved a construction dispute and subsequent arbitration. The arbitrator entered an award in favor of the plaintiff. The trial court entered judgment upon the arbitration award, then granted defendant's motion to file a counterclaim and a third-party claim. Before the counterclaim and third-party claim were heard, however, the plaintiff filed a Request and Order for Execution Garnishment or Sequestration. The defendant filed a petition to stay and/or quash execution, but the trial court summarily denied the petition. On appeal, this Court found that the trial court's order confirming the arbitration award was not a final appealable judgment because the trial court had failed to dispose of all the parties and of all the issues raised, and made no determination that "there is no just reason for delay" pursuant to Rule 74.01(b). Accordingly, the Court determined that the trial court erred in denying the defendants' petition to stay and/or quash execution because "[e]xecution

4. The parties in this case are corporations. Section 508.040 provides that "[s]uits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

§ 508.040, RSMo 1994; *State ex rel. E.I. du Pont de Nemours & Co. v. Mummert*, 890 S.W.2d 367, 369 (Mo.App. E.D.1994). The cause of action accrued at a construction project at Washington University, located in St. Louis County. Therefore, venue in the mechanic's lien suit was proper in St. Louis County.

cannot issue unless the judgment is final and appealable." *Id.* at 224, citing *Kliefoth v. Fields,* 828 S.W.2d at 717.

In the case at bar, this Court determined in *Orf I* that the trial court's December 23, 1996 order was not a final judgment. Although the trial court has since corrected its order on January 6, 1998, so that the judgment is now final and appealable, the trial court ordered execution on the garnishment in April, 1997, months before the judgment was amended and became final. A garnishment must be based upon a valid execution to be valid, and an execution cannot be valid if there is no judgment to support it. Even if we determine that the trial court's judgment was merely interlocutory before its January 6, 1998 amendment January 6, 1998, the garnishment cannot stand. *See, Kliefoth v. Fields,* 828 S.W.2d at 717. For that reason, we reverse solely the trial court's denial of Orf and Safeco's Motion to Set Aside Garnishment and remand to the trial court with instructions to enter an order quashing execution and garnishment.

### 2. County II

In the first issue on appeal in County II, Orf and Safeco argue that the trial court had no jurisdiction over Bellon's counterclaim pursuant to Rule 55.27(a)(10) because the counterclaim involved the same parties, same facts, same issues and sought the same relief as Bellon sought in County I, which was pending in this Court in *Orf I.* We agree.

Rule 55.27(a) and its statutory counterpart, Section 509.290.1, RSMo 1994, provide specific defenses that may be presented by motion. One of these defenses is that there is another action pending in Missouri between the same parties for the same cause of action. Rule 55.27(a)(10) and Section 509.290.1(8) codify the common law doctrine of abatement. *State ex inf. Riederer ex rel. Pershing Square Redevelopment Corp. v. Collins,* 799 S.W.2d 644, 650 (Mo.App. W.D. 1990).

"Abatement, also known as the 'pending action doctrine,' holds that where a claim involves the same subject matter and parties as a previously-filed action so that the same facts and issues are presented, resolution should occur through the prior action and the second suit should be dismissed." *Estate of Holtmeyer v. Piontek,* 913 S.W.2d 352, 357 (Mo.App. E.D.1996), citing *State ex rel. J.E. Dunn v. Schoenlaub,* 668 S.W.2d 72, 74–75 (Mo. banc 1984). The court in which the claim is first filed acquires exclusive jurisdiction over the matter. *State ex rel. Kincannon v. Schoenlaub,* 521 S.W.2d 391, 394 (Mo. banc 1975). Though abatement generally does not apply where the parties' alignment (as plaintiff or defendant) in the original suit is reversed in the subsequent action, it is appropriate if the second cause of action is essentially identical to the first action filed. *State ex rel. J.E. Dunn, Jr. & Associates, Inc. v. Schoenlaub,* 668 S.W.2d at 75.

In order for the abatement doctrine to apply, the object and purpose of the two actions, including the principles of law raised, must be the same. *Estate of Holtmeyer v. Piontek,* 913 S.W.2d at 357. In the instant case, Bellon's Counterclaim, which requested confirmation of the arbitration award, involved the same subject matter and parties, presented the same facts and requested the same relief as in County I, which was then pending before this Court in *Orf I.* This issue was elucidated in County II pursuant to Rule 55.27(a)(10) in Orf and Safeco's Motion to Dismiss Defendant's Counterclaim and Supplemental Memorandum in Support of Motion to Dismiss and in Opposition to Motion for Summary Judgment. Rule 55.27(g)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." In the instant case, however, the trial court not only heard Bellon's counterclaim, but also granted summary judgment upon it.

"[W]hen a court of competent jurisdiction becomes possessed of a cause, its authority continues, subject only to the authority of a superior court, until the matter is finally and completely resolved; and no court of concurrent jurisdiction may interfere with its action." *Younghaus v. Lakey,* 559 S.W.2d 30, 31, (Mo.App.K.C.D.1977). The first court to obtain jurisdiction over a cause retains exclu-

sive jurisdiction of the case until the case is ultimately resolved. Therefore, the trial court in County II lacked jurisdiction over Bellon's counterclaim, pursuant to the doctrine of abatement.

■ Generally, a judgment entered without jurisdiction is void. *Ringeisen v. Insulation Services, Inc.*, 539 S.W.2d 621, 626 (Mo.App.St.LouisD.1976). If a judgment is void, an appellate court acquires jurisdiction only to determine the invalidity of the judgment and to dismiss the appeal. *Settles v. Settles*, 913 S.W.2d 101, 103 (Mo.App. S.D.1995). The judgment entered by the trial court in County II is void for lack of jurisdiction. Accordingly, we dismiss this appeal.

Since we have already determined the judgment entered in County II is void, we need not address Orf and Safeco's other two claims of error with respect to that judgment.

### 3. St. Louis City Action

The St. Louis City Action was the second action filed, but the third action heard by a trial court. The judgment entered by the Honorable Julian L. Bush denied Orf and Safeco's Motion to Remove Case From Trial Docket and Stay Proceedings, granted Bellon's Motion for Summary Judgment dismissing Orf and Safco's claim on *res judicata* grounds, dismissed Bellon's Counterclaim, and denied as moot Bellon's Motion for Summary Judgment Upon Arbitration Award. Orf and Safeco partially appeal that judgment, arguing that: (1) County II did not bar Orf and Safeco's claims on the basis of *res judicata* because the court in County II lacked proper jurisdiction; and (2) summary judgment was improper because there are genuine issues of material fact concerning the arbitration proceedings.

■ Mootness is a threshold question in appellate review. *State ex rel. Kirkpatrick v. Board of Election Commissioners of St. Louis County*, 686 S.W.2d 888, 890 (Mo.App. W.D.1985). "With regard to justiciability, a case is moot if a judgment rendered has no

practical effect upon an existent controversy." *Gilroy–Sims & Assocs. v. City of St. Louis*, 697 S.W.2d 567, 569 (Mo.App. E.D. 1985). Mootness implicates the justiciability of a case; therefore, the court may dismiss a case for mootness *sua sponte. Grassmuck v. Autorama Auto Equip.- & Supply Co.*, 659 S.W.2d 264, 266 (Mo.App. E.D.1983). "Even a case vital at inception of the appeal may be mooted by an intervenient event which so alters the position of the parties that any judgment rendered becomes merely a hypothetical opinion." *Gilroy–Sims & Assocs. v. City of St. Louis*, 697 S.W.2d at 569. When subsequent events make a decision on appeal unnecessary or make it impossible for the appellate court to grant effectual relief, the appeal is moot and generally should be dismissed. *State ex rel. Donnell v. Searcy*, 347 Mo. 1052, 152 S.W.2d 8, 10 (banc 1941); *State ex rel. Hooker v. City of St. Charles*, 668 S.W.2d 641, 643 (Mo.App. E.D.1984).

In the instant case, a judgment upon the arbitrator's award was entered in County I on January 6, 1998, and is now affirmed in all respects by this Court.[5] The St. Louis City Action and the appeal therefrom raise issues that pertain directly to the arbitration proceedings. In light of our affirmance of the judgment in County I, the issues raised on appeal of the St. Louis City Action are moot. We therefore dismiss the appeal of the judgment in the St. Louis City Action.

### Conclusion

In County I, we affirm the judgment entered by Judge Campbell on January 6, 1998. We reverse the trial court's denial of Orf and Safeco's Motion to Set Aside Garnishment and remand with instructions that the trial court quash the execution and garnishment.

We dismiss the appeal in County II and St. Louis City Action.

JAMES R. DOWD, P.J., and CRAHAN, J. concur.

---

5. The sole point we reverse is the garnishment issue because the garnishment was executed upon months before the judgment became final.