**NATIONAL ENTERPRISES, INC., as assignee of Resolution Trust Corporation in its capacity as receiver for Germania Bank, Respondent,**

v.

**Bill L. BRUCE, Appellant.**

**No. ED 75260.**

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 26, 1999.

Donald R. Carmody, John E. Hilton, Kevin M. Cushing, St. Louis, for appellant.

David Crane, Christopher M. Barclay, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Defendant, Bill Bruce, appeals from the "judgment and order" confirming an arbitration award. We dismiss the appeal.[1]

In April 1989, Germania Bank brought an action, arising from a promissory note, against Bruce. In February 1992, the Resolution Trust Corporation (RTC), as receiver for Germania Bank, entered into a stipulation for settlement (stipulation) with Bruce for this litigation. The stipulation was filed in the circuit court. The stipulation requires Bruce to pay $300,000, in twelve payments of $25,000, to the RTC. The stipulation also provides that for the years 1992, 1993, and 1994, Bruce shall pay twenty-five percent of any increase of his "Cash Flow Income" from 1991. The stipulation further provides that if the RTC and Bruce are unable to agree as to the net sum due the RTC for the increase in "Cash Flow Income," then "such questions" will be submitted to binding arbitra-

---

1. Because we dismiss the appeal, nothing in this opinion should be construed as suggest- ing a holding on issues raised in Bruce's appeal.

tion. In June 1994, the RTC assigned, by quitclaim, its interest under the agreement to National Enterprises, Inc. (National).

A dispute arose regarding whether Bruce's "Cash Flow Income" for 1993 was greater than his "Cash Flow Income" for 1991. National filed a motion for appointment of an arbitrator. The circuit court granted the motion and appointed an arbitrator. The arbitrator found that the "formula" provided in the stipulation is ambiguous. The arbitrator determined the amounts for 1991 and 1993, and concluded that Bruce's "Cash Flow Income" for 1993 was less than it was in 1991. The arbitrator, therefore, concluded that Bruce did not owe any additional payment for the year 1993.[2]

National filed a second motion for appointment of an arbitrator regarding a dispute as to the year 1994. The circuit court granted the motion and appointed the same arbitrator. The arbitrator concluded that Bruce's "Cash Flow Income" increased in 1994 as compared to 1991, and that Bruce owed National an additional payment of $380,266.75. National filed a motion for confirmation of this arbitration award. Bruce argued that the award contained several errors in its calculations. The circuit court ordered the arbitrator to review and clarify a difference in his calculation of "Cash Flow Income" for 1991 in the awards for the years 1993 and 1994. The arbitrator modified his award and concluded that Bruce owed an additional payment of $293,680.50 for 1994. National filed an amended motion for confirmation of this arbitration award. Bruce filed a motion to modify or set aside this award. The circuit court entered a "judgment and order" in favor of National for $293,680.50. Relying on a provision in the stipulation, the court also ordered that if Bruce did not pay National $293,680.50 within ten days of the judgment, then judgment would be entered for National and against Bruce for $2,602,384.44.

While National's motion to confirm the arbitration award for 1994 was pending, National filed a motion for appointment of an arbitrator for a determination regarding the year 1992. The circuit court appointed the same arbitrator. At the time of this appeal, the arbitrator had not rendered a decision as to the year 1992.

Bruce appeals from the confirmation of the arbitration award for 1994. National filed a motion to dismiss the appeal, arguing that the appeal should be dismissed "for lack of a final, appealable judgment." The motion was ordered taken with the case. We first address this motion.

In *MLJ Investments, Inc. v. Reid,* 877 S.W.2d 221 (Mo.App. E.D.1994), this court considered an appeal from the denial of a petition to stay and/or quash execution where the basis of the execution was a judgment confirming an arbitration award. In that case, MLJ Investments, Inc. (MLJ) brought an action against the defendants for enforcement of a mechanic's lien and filed a demand for arbitration. *MLJ Investments, Inc.,* 877 S.W.2d at 221. The defendants filed a motion for leave to file their answer and a counterclaim out of time. *Id.* After arbitration, MLJ filed a " 'Motion to Register Arbitration Award.' " *Id.* at 222. The circuit court sustained the motion and entered judgment against the defendants. *Id.* Thereafter, the circuit court granted the defendants' motion to file their counterclaim and a third-party claim. *Id.* MLJ filed a Request and Order for Execution Garnishment or Sequestration, listing as a basis for execution the circuit court's judgment confirming the arbitration award. *Id.* The defendants filed a petition to stay and/or quash execution that the circuit court denied. *Id.* The defendants appealed from this denial, arguing that the order confirming the arbitration award did not constitute a final, appealable judgment that would sustain an exe-

---

**2.** The arbitration award for 1993 is shown as being filed with the circuit court. The record does not reflect that a motion to confirm this arbitration award was filed.

cution by garnishment because the order did not dispose of all pending claims of the parties and did not expressly determine that there was no just reason for delay as required by Rule 74.01.[3] *Id.*

This court first noted that the defendants' counterclaim and third-party claim were pending and the circuit court made no determination that there was no just reason for delay. *Id.* MLJ argued that pursuant to section 435.440 of Missouri's Arbitration Act the judgment confirming the arbitration award was final and appealable. *Id.* Section 435.440 provides that an appeal may be taken from, among other things, an order confirming an arbitration award and a judgment or decree entered pursuant to sections 435.350 to 435.470. *Id.* at 222–23 (citing section 435.440.1(3) & (6)). This court found that the "central issue" was whether the circuit court was still required to certify that there is no just reason for delay even though section 435.440 "appears to establish an order and judgment confirming the arbitration award is final and appealable." *Id.* at 223. We found that certification was required. *Id.* This court stated:

> Where claims remain pending in multiple claim litigation, the court may enter a judgment to confirm arbitration as to one or more but fewer than all of the claims only upon an express determination that "there is no just reason for delay." In the absence of this determination, the judgment entered confirming the arbitration award, while otherwise a final judgment, is not a final, appealable judgment.

*Id.*

This court held that the trial court erred in denying the defendants' petition to stay and/or quash execution because execution cannot issue unless the judgment is final and appealable. *Id.* at 224. In reversing, this court also relied on section 435.415 of Missouri's Arbitration Act which provides "Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree." *Id.*

Here, the stipulation for the litigation provides for payments under certain circumstances for the years 1992, 1993, and 1994. The stipulation also provides that Bruce must fully perform for the action to be dismissed. The arbitration for the year 1992 is not completed. Accordingly, a claim for relief for this litigation is still pending. The holding in *MLJ Investments, Inc.* is controlling for the present case. The circuit court did not certify that "there is no just reason for delay" as provided in Rule 74.01. The circuit court's "judgment and order" confirming the arbitration award for 1994 is not a final, appealable judgment. This court, therefore, lacks jurisdiction. National's motion to dismiss the appeal is granted.

Appeal dismissed.

KENT E. KAROHL, J. and MARY K. HOFF, J., Concur.

---

**3.** Rule 74.01(b) provides: When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.